**In re Andres MARTINEZ, Relator.**

No. 13–02–00158–CV.

Court of Appeals of Texas, Corpus Christi.

May 21, 2002.

Kevin T. O'Hanlon, Leslie L. McCollom, O'Hanlon & Associates, Austin, for Appellant.

Gustavo L. Acevedo, Jr., Attorney At Law, Pharr, Jaime J. Munoz, Cantu & Munoz, San Juan, for Appellee.

Before: Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

HINOJOSA, J.

In this mandamus proceeding, relator, Andres Martinez, complains that the trial court improperly granted the motion for new trial of real party-in-interest, Donna Independent School District, after he non-

suited all of his claims against Donna ISD and Donna ISD had no claim on file for affirmative relief. Without hearing oral argument, we conditionally grant relator's petition for writ of mandamus. *See* Tex. R.App.P. 52.8(c).

## A. Background

On November 1, 2001, Donna ISD filed an "Original Petition for Declaratory Judgment, Request for Temporary Restraining Order, Injunction, Petition for Writ of Mandamus and Request for Enforcement of Judgment" against Victoria Guerra in Cause No. 37,771–A in the County Court at Law No. 1 of Hidalgo County, Texas. On November 9, 2001, Martinez intervened in the lawsuit and filed a counterclaim against Donna ISD for breach of contract. On November 20, 2001, Donna ISD non-suited all of its claims against Guerra, leaving only Martinez's counterclaim against Donna ISD pending. On January 22, 2002, Martinez filed a notice of nonsuit as to all of his claims against Donna ISD, and the trial court signed an order of dismissal on January 23, 2002. On February 12, 2002, Donna ISD filed a motion for new trial and a counterclaim against Martinez. Without a hearing, the trial court granted Donna ISD's motion for new trial on March 4, 2002, and set Donna ISD's counterclaim against Martinez for a jury trial on April 29, 2002.

On March 18, 2002, Martinez filed a petition for writ of mandamus in this Court, requesting that we order respondent, the Honorable Rodolfo Gonzalez, presiding judge of the County Court at Law No. 1 of Hidalgo County, Texas, to vacate his order of March 4, 2002. Martinez also asked that we stay all further proceedings in Cause No. 37,771–A. On March 21, 2002, we granted Martinez's motion and ordered that all proceedings in Cause No. 37,771–A be stayed until further orders of this Court.

Despite our stay order, Donna ISD filed a "Notice of Nonsuit" in Cause No. 37,771–A on March 28, 2002, and respondent signed the following order:

> On March 28, 2002, Donna Independent School District ... filed its "Notice of Nonsuit" as to all claims asserted by Donna Independent School District against Andres Martinez in this action. Therefore, pursuant to said notice of nonsuit, all claims and causes of action asserted by Donna Independent School District against Andres Martinez in the above-styled and numbered actions are HEREBY DISMISSED WITHOUT PREJUDICE.
>
> All such matters pertaining to this cause having been dismissed, the Court hereby vacates all other previous orders, settings and notices currently pending before the Court.
>
> SIGNED on this the 28th day of March, 2002.

On April 1, 2002, Donna ISD filed its response to Martinez's petition for writ of mandamus. In the response, Donna ISD informed this Court that it had nonsuited its counterclaim against Martinez and that respondent had signed the dismissal order. Donna ISD asserted that since the dismissal order disposed of all matters, Martinez's petition for writ of mandamus was moot. Donna ISD attached a certified copy of respondent's March 28 order as an exhibit to its response.

## B. Analysis

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). In his petition for writ of mandamus, Mar-

tinez contends that because Donna ISD had no claims for affirmative relief pending when he nonsuited his claims against Donna ISD on January 22, 2002, the nonsuit terminated the litigation, and respondent abused his discretion when he granted Donna ISD's motion for new trial.

In Texas, the plaintiff has an absolute right to take a nonsuit at any time before he has introduced all of his evidence. *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex.1991); *Ventura v. Banales,* 905 S.W.2d 423, 424 (Tex.App.—Corpus Christi 1995, orig. proceeding); *see also* Tex.R.Civ.P. 162. A plaintiff's right to dismiss the suit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex. 1982); *Zimmerman v. Ottis,* 941 S.W.2d 259, 261 (Tex.App.—Corpus Christi 1996, orig. proceeding). Accordingly, the trial court has no discretion to deny the nonsuit and is required to perform the ministerial act of signing an order of dismissal, unless the defendant has, prior to notice of nonsuit, filed pleadings seeking some form of affirmative relief. *Greenberg,* 640 S.W.2d at 872.

While we agree that Donna ISD had an absolute right to take a nonsuit and that respondent's March 28 order effectively renders this case moot, we strongly disapprove of the manner in which Donna ISD showed complete disregard for this Court's stay of the proceedings. When this Court stayed all proceedings in Cause No. 37,771–A on March 21, 2002, pursuant to Texas Rule of Appellate Procedure 52.10, the parties and respondent were ordered to take no further action in the case until they received further orders from this Court. *See* Tex.R.App.P. 52.10.

When Donna ISD filed its notice of non-suit and asked respondent to sign the order of dismissal, not only did Donna ISD violate our order, it also caused the respondent to violate our order. *See generally In re Reed,* 901 S.W.2d 604 (Tex. App.—San Antonio 1995, orig. proceeding) (lower court judge held in contempt for violating stay order of higher court). If Donna ISD desired to nonsuit its claims, it should have asked this Court to lift the stay, rather than circumvent our authority.

Since this Court's stay order prohibited the commencement or continuation of proceedings in Cause No. 37,771–A, we hold respondent's March 28 order is in direct violation of our order, and is, therefore, void. *Cf. Sanchez v. Hester,* 911 S.W.2d 173 (Tex.App.—Corpus Christi 1995, orig. proceeding [leave denied]) (order of dismissal of cause of action against a bankrupt defendant for want of prosecution was void because entered during the pendency of bankruptcy stay).

Furthermore, since Donna ISD had no pleadings on file requesting affirmative relief when Martinez filed his notice of nonsuit, respondent's March 4 order, granting a new trial, is also void. As this Court held in *Zimmerman,*

> when a plaintiff nonsuits his entire case, leaving no remaining claims for affirmative relief in the lawsuit, there is no longer any real controversy between the parties, and the trial court has no jurisdiction to grant affirmative relief or continue the lawsuit in such a way as to suggest that any justiciable claims remain for determination. The lawsuit remains on the docket merely as an empty shell awaiting the final ministerial act of dismissal. Although plenary power remains to sanction or set appellate deadlines, plenary power in this context includes only those powers that

are necessary to the court's disciplinary authority over the parties before it or for the demarcation of deadlines for purposes of appeal.

*Zimmerman,* 941 S.W.2d at 263. Accordingly, if there is no justiciable claim left in the lawsuit, there is nothing on which to grant a new trial. We hold the trial court's attempt to grant Donna ISD's motion for new trial after notice of nonsuit was beyond its jurisdiction and amounted to a void order. *See id.* (citing *Newman Oil Co. v. Alkek,* 657 S.W.2d 915, 920 (Tex. App.—Corpus Christi 1983, no writ) (trial court has no jurisdiction to ignore nonsuit, and summary judgment granted thereafter would be reversed for lack of jurisdiction)).

We conditionally grant relator's petition for writ of mandamus and direct respondent to vacate his orders of March 4, 2002 (granting Donna ISD's motion for new trial) and March 28, 2002 (order of dismissal). We are confident that the respondent will comply promptly. The writ will issue only if that confidence proves misplaced.