NO. 07-06-0322-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 25, 2008

_____


BARRY L. JOACHIM, APPELLANT

v.

THE TRAVELERS INSURANCE CO., APPELLEE


_____

FROM THE 72nd DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-520,246; HON. RUBEN REYES, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. [1]


**OPINION**


Barry L. Joachim appeals an adverse summary judgment granted in favor of The

Travelers Insurance Company on its affirmative defense of res judicata. Finding Travelers

failed to conclusively prove this defense, we reverse and remand.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2008).

Background

Joachim filed suit on August 4, 1999, in cause number 99-507,018, against Travelers[2] asserting an underinsured motorist claim arising from an August 5, 1997, motor vehicle accident. On August 28, 2001, Joachim filed a notice of nonsuit on his entire case but did not obtain a signed order of dismissal by the trial court. At the time of nonsuit, Travelers had no claim for affirmative relief, motion for sanctions, or claim for attorney's fees pending. By notice dated November 1, 2001, the trial court expressed its intention to dismiss the case for want of prosecution in the absence of a final order.[3] On November 26, 2001, the court signed an order dismissing the case with prejudice for want of prosecution.[4] Joachim claims he received no notice of the court's intent to dismiss or its

---

[2] The Automobile Insurance Company of Hartford, Connecticut answered Joachim's suit and averred it was incorrectly sued as Travelers Insurance Company. Because the issue here does not concern party identity, we will refer to the appellee as Travelers.

[3] The material portion of the trial court's notice provided:

**NOTICE OF INTENT TO DISMISS-NO FINAL ORDER**

To all Counsel and Pro Se Parties:

Court records indicate that there has been a settlement, verdict, or decision dispositive of the above entitled case, but a final order has not been filed. If a final order is not filed within **10** days of this notice, this case will be **DISMISSED FOR WANT OF PROSECUTION.**

(capitalization and highlighting in original)

[4] In material part, the trial court's order provided:

**ORDER OF DISMISSAL FOR WANT OF PROSECUTION**

Pursuant to a "Notice of Intent to Dismiss-No Final Order" dated November 1, 2001, the Court hereby Orders as follows:

order of dismissal. He did not challenge the order of dismissal in the trial court or on appeal.

Joachim filed the underlying case, cause number 2002-520,246, on December 5, 2002, asserting the same claims against Travelers as alleged in cause number 99-507,018. In cause number 2002-520,246, Travelers affirmatively plead res judicata and on this defense moved for summary judgment. Travelers argued in its motion that the order dismissing cause number 99-507,018 for want of prosecution was an adjudication on the merits giving rise to the bar of claim preclusion. The trial court initially denied the motion as well as a motion for reconsideration. Following a second motion for reconsideration, the court granted the requested summary judgment on May 18, 2006. Joachim filed a motion for new trial which was apparently overruled by operation of law. He timely appealed.

Issue

Through one issue, Joachim challenges the trial court's grant of summary judgment, arguing that on filing his notice of nonsuit, the trial court in cause number 99-507,018 lost jurisdiction of the merits of his case; therefore, its order dismissing the case with prejudice

---

IT IS HEREBY ORDERED that the above styled and numbered cause be and the same is hereby dismissed in full with prejudice for want of prosecution with costs charged to the Plaintiff.
SO ORDERED
SIGNED this <u>26</u> day of November, 2001.

(capitalization, underlining, and highlighting in original)

3

for want of prosecution was void and incapable of providing the ground for a res judicata defense in cause number 2002-520,246.

Travelers counters that the order of dismissal with prejudice in cause number 99-507,018 was proper because following the nonsuit the trial court retained plenary power of the case to render dismissal with prejudice. And, continues Travelers, even were the order erroneous as to its dismissal with prejudice it was not void but voidable. Joachim thus should have directly attacked the order and because he did not, it became a final judgment supporting the res judicata plea in cause number 2002-520,246.[5]

Discussion

An appellate court reviews the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). The scope of review for a traditional motion for summary judgment is well settled and does not need reiteration here. *See Nixon v. Prop. Mgmt., Inc.,* 690 S.W.2d 546, 548-49 (Tex. 1985); Tex. R. Civ. P. 166a(c). A defendant is entitled to summary judgment on an affirmative defense if it conclusively proves each element of the defense asserted. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). When the material facts are undisputed, the

_____

[5] Travelers also argues by refiling the case after nonsuit, Joachim launched an impermissible collateral attack on a judgment once properly subject to direct attack. But this is not the issue here. On this appeal from a summary judgment granted in response to a traditional motion, our task is limited to determining whether Travelers conclusively proved each element of res judicata, the affirmative defense on which it staked its claim for summary judgment. In so doing, we review a record to which neither party objects and on which each relies for their diverse arguments.

4

nonmovant may defeat a motion for summary judgment by establishing that the movant's legal position is unsound. *Hanssen v. Our Redeemer Lutheran Church,* 938 S.W.2d 85, 90 (Tex.App.–Dallas 1996, writ denied).

Res judicata is an affirmative defense and should be treated as a plea in bar which reaches the merits of the case. Tex. R. Civ. P. 94; *see Walker v. Sharpe,* 807 S.W.2d 442, 446 (Tex.App.–Corpus Christi 1991, no writ) (*citing Texas Hwy. Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967)). The party relying on the defense must prove: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *In re K.S.,* 76 S.W.3d 36, 43 (Tex. App.–Amarillo 2002, no pet.) (*citing Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996)). Ordinarily res judicata bars a subsequent suit if the matters asserted in the subsequent suit arise out of the same subject matter as a previous suit and which matters, through the exercise of reasonable diligence, could have been litigated in the prior suit. *See Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 631 (Tex. 1992). No one disputes that the matters Joachim asserted in cause number 2002-520,246 were the same as those in his previous suit.

Was the trial court empowered to render a merits decision following nonsuit?

After Joachim filed a notice of nonsuit, the court dismissed his case with prejudice for want of prosecution. A dismissal with prejudice functions as a final determination on the merits. *Labrie v. Kennedy,* 95 S.W.3d 722, 729 (Tex.App.–Amarillo 2003, no pet.)

(*citing Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991)). Thus, we turn first to the propriety of the trial court's dismissal with prejudice following a nonsuit.

Rule 162 provides:

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.
>
> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

Tex. R. Civ. P. 162.

A nonsuit extinguishes a case or controversy the moment it is filed with the court clerk or requested in open court. *Shadowbrook Apts. v. Abu-Ahmad,* 783 S.W.2d 210, 211 (Tex. 1990). While the date a trial court signs an order dismissing the suit is the "starting point for determining when a trial court's plenary power expires," a nonsuit is effective when filed. *In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997). Under Rule 162, a trial court retains authority after a nonsuit is filed and during the period of its plenary power to consider costs, attorney's fees and sanctions, matters "collateral" to the merits. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon,* 195 S.W.3d 98, 101 (Tex. 2006); *In re Bennett,* 960 S.W.2d at 38. But it is without discretion to deny a nonsuit. *See In re Bennett,* 960 S.W.2d at 38; *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex. 1991) (party requesting

a nonsuit has absolute right to nonsuit at moment notice is timely filed); *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex. 1982) (granting nonsuit is merely a ministerial act).

Here, at the time Joachim filed a nonsuit in cause number 99-507,018, Travelers did not have on file a claim for affirmative relief, attorney's fees, or sanctions. The trial court was not empowered to adjudicate the merits of Joachim's claim after he filed a nonsuit.

Was the trial court's order void or voidable?

An order is void if it is apparent that the court "'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex. 2005) (*quoting Browning v. Placke,* 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding) (per curiam)). Other defects that do not reach the level of a jurisdictional defect render a judgment voidable and must be corrected on direct attack. *Placke,* 698 S.W.2d at 363.

For the parties at bar, determining the character of the November 26 order is critical, as a voidable judgment will support a plea of res judicata, *Trahan v. Trahan,* 894 S.W.2d 113, 117 (Tex.App.–Austin 1995, writ denied), while a void judgment will not, *Lawrence Sys., Inc. v. Superior Feeders, Inc.,* 880 S.W.2d 203, 211-12 (Tex.App.–Amarillo 1994, writ denied).

It is thus necessary to determine the jurisdictional effect of the nonsuit. In this respect, we do not write on a blank slate. A nonsuit returns the litigants to the positions

7

they occupied before the plaintiff invoked the court's jurisdiction. *Rexrode v. Bazar,* 937 S.W.2d 614, 619 (Tex.App.–Amarillo 1997, no writ). It renders the merits of the case moot. *Estate of Blackmon,* 195 S.W.3d at 101 (*cited in Villafani v. Trejo,* 251 S.W.3d 466, 469 (Tex. 2008)). A moot case lacks justiciability. *Patterson v. Planned Parenthood of Houston,* 971 S.W.2d 439, 442 (Tex. 1998). Jurisdiction over the underlying lawsuit depends on justiciability, and for a controversy to be justiciable, there must be a real controversy between the parties that will actually be resolved by the judicial relief sought. *State Bar of Texas v. Gomez,* 891 S.W.2d 243, 245 (Tex. 1994). In the absence of a controversy that is legally presented for determination, a trial court lacks jurisdiction to render a personal judgment. *Matz v. Bennion,* 961 S.W.2d 445, 449 (Tex.App.–Houston [1st Dist.] 1997, pet. denied). If a court lacks jurisdiction over the parties and the subject matter before it, any judgment it renders is void. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex. 1990); *see State ex rel. Dishman v. Gary,* 359 S.W2d. 456, 461 (Tex. 1962) (orig. proceeding) (right of nonsuit is absolute, accordingly, an order of reinstatement and ancillary injunctive orders entered after nonsuit were "nugatory and void.")

In *In re Martinez,* 77 S.W.3d 462 (Tex.App.–Corpus Christi 2002, orig. proceeding) the relator nonsuited his entire case and the following day the court signed an order of dismissal. Within thirty days of the order of dismissal defendant Donna ISD filed a motion for new trial and a counterclaim. The trial court timely granted the motion for new trial without hearing and set the case for jury trial. *Id.* Relator sought relief by mandamus requesting the appellate court to order the trial court to vacate its order granting a new trial.

Finding the trial court abused its discretion in granting a new trial, the court of appeals explained:

> 'when a plaintiff nonsuits his entire case, leaving no remaining claims for affirmative relief in the lawsuit, there is no longer any real controversy between the parties, and the trial court has no jurisdiction to grant affirmative relief or continue the lawsuit in such a way as to suggest that any justiciable claims remain for determination. The lawsuit remains on the docket merely as an empty shell awaiting the final ministerial act of dismissal. Although plenary power remains to sanction or set appellate deadlines, plenary power in this context includes only those powers that are necessary to the court's disciplinary authority over the parties before it or for the demarcation of deadlines for purposes of appeal.'

*In re Martinez,* 77 S.W.3d at 464-65, (*quoting Zimmerman v. Ottis,* 941 S.W.2d 259, 261 (Tex.App.–Corpus Christi 1996, orig. proceeding)).

The court then found that because the lawsuit no longer contained a justiciable claim, nothing remained on which it could grant a new trial. Therefore, the trial court's attempted grant of a new trial following nonsuit was an act beyond its jurisdiction resulting in a void order. *In re Martinez,* 77 S.W.3d at 465; *see Zimmerman,* 941 S.W.2d at 261 (*citing Newman Oil Co. v. Alkek,* 657 S.W.2d 915, 920 (Tex.App.–Corpus Christi 1983, no writ) (case decided under rule 164, predecessor of current rule 162; held the trial court could not ignore a nonsuit and lacked jurisdiction to grant a summary judgment).

Federal Rule 41(a)(1) is the analogue to Texas Rule 162. *In re Bennett,* 960 S.W.2d at 37 n.4. Although not controlling, cases decided under the federal rule are therefore beneficial to our discussion of the jurisdictional effect of the nonsuit. In pertinent part, Rule 41(a)(1)(A)(i) provides that an action may be dismissed by the plaintiff without

order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment, whichever first occurs. Fed. R. Civ. P. 41(a)(1)(A)(i). A notice of dismissal filed under Rule 41(a)(1)(A)(i) "terminates the case all by itself. There is nothing left to adjudicate." *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1078 (7th Cir. 1987). After filing a proper notice under the rule, the parties are left as though no action had been brought. *Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir. 2003). And the proceedings are rendered a nullity. *Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir. 1996). Thus a judgment on the merits rendered after the plaintiff files a dismissal notice according to Rule 41(a)(1)(A)(i) is void. *Marques v. Federal Reserve Bank of Chicago,* 286 F.3d 1014, 1018 (7th Cir. 2002) (collecting cases)*;* 8 Moore's Federal Practice § 41.33[6][e] (Matthew Bender & Co. 2008) ("[o]nce a notice of dismissal without prejudice is filed, the court loses jurisdiction over the case, and may not address the merits of the action or issue further orders."); *Williams v. Ezell,* 531 F.2d 1261,1264 (5th Cir. 1976) (following filing of notice of dismissal, district court's "attempt to deny relief on the merits and dismiss with prejudice was void."); *Smith v. Dowden,* 47 .3d 940, 943 (8th Cir. 1995) ("[t]he jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim.").

We are mindful of the consequences of our characterization of a trial court judgment as void. *Cf. Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex. 2000) (noting consequences of holding trial court lacked subject matter jurisdiction). But caselaw makes clear that when Joachim filed a notice of nonsuit with the district clerk, the merits of his case were withdrawn. A justiciable controversy no longer remained for adjudication by the

trial court. Accordingly, although it retained the power to address the "collateral" matters listed in Rule 162, it lacked jurisdiction to enter a judgment adjudicating the merits of Joachim's case. *Estate of Blackmon,* 195 S.W.3d at 101; *Prostok,* 165 S.W.3d at 346. The attempted adjudication of the merits was without effect and produced a void order on the merits. Because a final judgment on the merits of a case is fundamental to the defense of res judicata, we find that Travelers did not conclusively meet its summary judgment burden of proof. The trial court, accordingly, erred in granting summary judgment.

Joachim's sole issue is sustained.

Conclusion

Having sustained Joachim's issue, we reverse and remand the case for further proceedings consistent with this opinion.

James T. Campbell
Justice

11