COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-422-CV

 

 

THE CITY OF CORINTH, TEXAS                                             APPELLANT

 

                                                   V.

 

NUROCK DEVELOPMENT, INC.,                                              APPELLEES

NUROCK CORPORATION, 

NDG-TOWER RIDGE 1, LLC AND 

TOWER RIDGE CORINTH 1, LTD.

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

 








In this interlocutory appeal, appellant, the City
of Corinth (the City), challenges the trial court=s denial
of its plea to the jurisdiction on sovereign immunity grounds against claims
asserted by appellees NuRock Development, Inc., NuRock Corporation, NDG-Tower
Ridge 1, LLC, and Tower Ridge Corinth 1, Ltd. (collectively, NuRock).  We affirm in part and reverse and dismiss in
part.

I. 
Background

This appeal arises from the City=s
alleged breach of a settlement agreement between the City and NuRock by which
the parties settled NuRock=s claims
in an earlier federal lawsuit, NuRock Development, Inc. v. City of Corinth
(the Federal Action).[1]  In the Federal Action, NuRock sought damages
and injunctive relief from disputes stemming from NuRock=s
efforts to develop and construct an affordable housing project called Tower
Ridge in Corinth (the Apartments). 
NuRock claimed that the City violated both the Federal Fair Housing Act[2]
and the Texas Fair Housing Act[3]
because the City=s actions regarding the
Apartments were intended to exclude families with children and minorities.  NuRock also asserted a takings claim under
the Texas constitution,[4]
as well as a section 1983 claim.[5]








The April 2005 settlement agreement, as amended
in July 2005 (the Settlement Agreement), provided that NuRock would construct
the Apartments to certain specifications, that the City would acquire certain
right-of-ways along Tower Ridge Road, that NuRock would make specified
improvements to Tower Ridge Road, that NuRock would place $120,000.00 in escrow
as collateral for the improvements, and that the City would pay NuRock $120,000.00.  The parties agreed to dismiss the Federal
Action and NuRock began construction of the Apartments. 

The City sued NuRock in state court in April
2006, alleging that NuRock breached the Settlement Agreement by failing to
place the funds in escrow.  NuRock filed
counterclaims based on the City=s
alleged breaches of the Settlement Agreement, seeking damages, injunctive
relief, and a declaratory judgment. 
NuRock asserted that, despite the Settlement Agreement, the City was
interfering with and delaying construction of the Apartments, particularly by
refusing to perform inspections or issue building permits or certificates of
occupancy for the apartment buildings. 
At the City=s request, the trial court
realigned the parties so that NuRock was the plaintiff and the City was the
defendant.

In July 2006, the trial court entered a temporary
injunction for NuRock, which the City did not appeal.  The injunction required the City to stop
refusing to issue temporary certificates of occupancy on the grounds that the
Tower Ridge Road improvements had not been completed. 








In June 2007, the City filed a plea to the
jurisdiction alleging sovereign immunity. 
The trial court denied the plea and this appeal followed. 

II. 
Standard of Review

We review the trial court=s ruling
on a plea to the jurisdiction based on immunity from suit under a de novo
standard of review.[6]  In reviewing the denial of a plea to the
jurisdiction, we do not review the merits of the case.[7]








When a plea to the jurisdiction challenges the
pleadings, we determine if the pleader has alleged facts that affirmatively
demonstrate the court=s jurisdiction to hear the
cause.[8]  We construe the pleadings liberally in favor
of the plaintiffs and look to the pleader=s
intent.[9]  If the pleadings do not contain sufficient
facts to affirmatively demonstrate the trial court=s
jurisdiction, but do not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency and the plaintiffs
should be afforded the opportunity to amend.[10]  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiffs an opportunity to amend.[11]  However, if a plea to the jurisdiction
challenges the existence of jurisdictional facts, we consider relevant evidence
submitted by the parties when necessary to resolve the jurisdictional issues
raised, as the trial court is required to do.[12]

III. 
Governmental Immunity

A.     Settlement Agreement








In its first and second issues, the City asserts
that it had immunity from NuRock=s claims
for breach of the Settlement Agreement, which settled the Federal Fair Housing
Act claim among others.[13]  Governmental immunity protects governmental
entities from lawsuits for damages absent legislative consent.[14]  The doctrine of governmental immunity
encompasses two distinct concepts:  (1)
immunity from suit (barring a lawsuit unless the legislature expressly gives
its consent to suit) and (2) immunity from liability (even if the legislature
has expressly given its consent to the suit).[15]  AImmunity
from liability is an affirmative defense, while immunity from suit deprives a
court of subject matter jurisdiction.@[16]

The City possesses immunity from suit and from
liability.[17]  Although a governmental entity like the City
waives its immunity from liability when it contracts with private citizens,
it does not waive its immunity from suit solely by entering into such a
contract.[18]  Rather, express legislative consent in clear
and unambiguous language is required to show that immunity from a breach of
contract suit has been waived.[19]








In Texas A & M UniversityBKingsville
v. Lawson,[20]
a plurality of the Supreme Court of Texas concluded that when a governmental
entity settles a claim for which immunity from suit has been waived, immunity
from suit is also waived for a breach of the settlement agreement.[21]  The plurality reasoned that Awhen a
governmental entity is exposed to suit because of a waiver of immunity, it
cannot nullify that waiver by settling the claim with an agreement on which it
cannot be sued.@[22]

The City asserts that Lawson does not
apply here because NuRock has not pleaded in this action any state law
claim in the underlying Federal Action for which immunity was waived.[23]  The City reasons that the holding in Lawson
is limited to waivers of immunity by the Texas Legislature under state law, and
that because NuRock did not assert a claim in the Federal Action for which the
immunity is waived under state law, there is no basis for finding a waiver of
immunity from the settlement of the Federal Action.[24]








The City=s
argument is based on the concepts of federalism that are embodied in the
Eleventh Amendment to the United States Constitution.[25]  The Supreme Court of the United States has
stated that the Eleventh Amendment presupposes two ideas:  Afirst,
that each State is a sovereign entity in our federal system; and second, that >[i]t is
inherent in the nature of sovereignty not to be amenable to the suit of an
individual without its consent.=@[26]  Under the Eleventh Amendment, the State of
Texas and its agencies are immune from claims based on federal law, whether
brought in federal or state court, absent either a clear indication by the
United States Congress that it intends to abrogate the immunity afforded to
states under the Eleventh Amendment to the federal Constitution,[27]
or a waiver of immunity by the Texas Legislature.[28]








Eleventh Amendment immunity, however, does not
extend to municipalities.  A[T]he
[United States Supreme] Court has consistently refused to construe the
[Eleventh] Amendment to afford protection to political subdivisions such as
counties and municipalities, even though such entities exercise a >slice of
state power.=@[29]  Accordingly, notwithstanding the fact that
the State may enjoy immunity from Federal Fair Housing Act claims, the City has
no immunity from such claims.[30]








Therefore, because the City has no immunity
against NuRock=s Federal Fair Housing Act
claims, and, because the City is not immune from a claim for breach of an
agreement settling a claim for which it has no immunity, we hold that the City
is not immune from NuRock=s claim for breach of the
Settlement Agreement.[31]  We overrule the City=s first
and second issues.

B.     Inverse Condemnation

In its third issue, the City argues that the
trial court did not have jurisdiction over NuRock=s
exaction-type inverse condemnation claim because NuRock agreed to make the
improvements to Tower Ridge Road which are the basis of its takings claim.  The City concedes that it does not have
immunity from a valid takings claim.[32]  But, when the government entity=s taking
is pursuant to colorable contract rights, it does not constitute a compensable
taking under article I, section 17 of the Texas constitution.[33]








It is undisputed that the Tower Ridge Road
construction was part of the consideration NuRock voluntarily promised to
provide in the context of the Settlement Agreement.  Thus, the City accepted the improvements
NuRock made to the road under color of its contract with NuRock, and not
pursuant to its powers of eminent domain. 
The City is, therefore, not subject to liability under article I,
section 17 of the Texas constitution.[34]

NuRock contends, however, that because the City
breached the Settlement Agreement before the improvements were made, the
agreement was no longer enforceable, and, therefore, the City=s
requirements that the improvements be completed constitute an illegal
taking.  But, the City=s
alleged breach of the agreement is immaterial to whether the City had the
requisite intent to take the improvements when the agreement was executed.[35]  While the City=s
alleged breach may have excused NuRock from making the improvements,[36]
it does not alter the fact that the improvements were agreed to well before the
alleged breach occurred.[37]  We sustain the City=s third
issue.








C.     Declaratory and Injunctive
Relief

In its fourth issue, the City asserts that the
trial court should have dismissed NuRock=s claims
for declaratory and injunctive relief.

1.     Declaratory
Relief

The Uniform Declaratory Judgments Act[38]
does not extend the jurisdiction of Texas courts; it only provides a procedure
by which a trial court may Adecid[e]
cases already within [the] court=s
jurisdiction.@[39]  Thus, a declaratory judgment claim can be
maintained only where there is a justiciable controversy between the parties as
to their rights and status that the declaration would actually resolve.[40]








The Supreme Court of Texas has distinguished
between suits against governmental units in which a party seeks a declaration
to clarify rights under a statute or regulation, for which the Declaratory
Judgments Act provides a waiver of immunity, and suits in which the request for
declaratory relief is no more than a recasting of a claim for money damages,
for which the Act does not provide a waiver of immunity.[41]








NuRock asserts that it is seeking declaratory
relief to construe a legislative act by the City and attempts to categorize the
Settlement Agreement as the equivalent of a statute or municipal
ordinance.  We disagree.  The Settlement Agreement, however, is a
contract, not a statute.  Statutes or
ordinances enacted by legislative bodies are designed to address broad
questions of public policy and to promulgate laws that those subject to the
government=s power must follow in future
conduct.[42]  The Settlement Agreement clearly lacks these
characteristics.  Instead, it
memorializes a specific act to resolve a specific, isolated dispute between
specific parties.  It establishes no rule
or law that all members of the public must adhere to in future conduct.[43]  Thus, the Settlement Agreement involves the
construction of a contract, not the interpretation of a statute.

NuRock sought declaratory relief that it did not
materially breach the Settlement Agreement or otherwise fail to meet its
obligations to the City.  This is not a
permissible use of the Declaratory Judgments Act.[44]  Consequently, the City=s
immunity is not waived as to NuRock=s
Declaratory Judgments Act claim.[45]

2.     Injunctive
Relief








NuRock also sought permanent injunctive relief
against the City.  Specifically, it asked
that the City be ordered A[t]o cease and desist from
arbitrarily and capriciously applying the ordinances and variances therefrom of
the City of Corinth.@ 
The City contends that the injunctive relief NuRock sought regarding the
City=s
approval of certificates of occupancy for the Apartments is not ripe and,
therefore, the trial court had no jurisdiction to grant the relief.  NuRock contends that because the City failed
to challenge NuRock=s request for injunctive relief
in its plea and supplemental plea to the jurisdiction, the City cannot seek
relief from that request in this appeal.[46]  We disagree.

Ripeness implicates subject matter jurisdiction.[47]  This court is obligated to consider subject
matter jurisdiction, even when it was not raised in the trial court or asserted
by either party on appeal.[48]








A case is ripe when facts have developed
sufficiently that an injury has occurred or is likely to occur.[49]  A case is not ripe if the injury is
contingent or remote.[50]  The possibility of future arbitrary and
capricious conduct concerning the Apartments is too remote to support a claim
for a permanent injunction.  Accordingly,
we conclude that NuRock=s request for a permanent
injunction is not ripe and, therefore, that the trial court lacked jurisdiction
over that request.  We sustain the City=s fourth
issue.

D.     Attorney=s Fees

In its fifth issue, the City asserts that NuRock
is not entitled to attorney=s fees
under either its declaratory judgment or its breach of the Settlement Agreement
claims.  We agree.  Because we conclude that NuRock=s
declaratory judgment claim must be dismissed, there is no basis for NuRock to
recover fees pursuant to the Declaratory Judgments Act.[51]








NuRock, however, asserts that it may recover
attorney=s fees
under section 38.001(8) of the Texas Civil Practice and Remedies Code.[52]  This section provides that A[a]
person may recover reasonable attorney=s fees
from an individual or corporation . . . if the claim is for . . . an
oral or written contract.@[53]  NuRock asserts that the City is Aan
individual@ for purposes of section
38.001(8).  We disagree.

AIndividual@ is not
defined in section 38.001 or in the Code Construction Act.  Webster=s Third
New International Dictionary defines Aindividual@ to mean
Aa single
human being as contrasted with a social group or institution.@[54]  @Person,@ on the
other hand, is defined broadly in the Code Construction Act to include
governmental entities.[55]








In light of the definition the legislature has
given the word Aperson@ in the
Code Construction Act, the fact that the legislature chose to use the word Aindividual@ in
section 38.001, instead of the word Aperson,@
indicates a clear legislative intent to exclude government entities from those
against whom attorney=s fees may be recovered under
the statute.  Moreover, the legislature
expressly exempted municipalities from being a Acorporation@ under
section 38.001.[56]  It would be incongruous to conclude that the
legislature, nonetheless, meant to implicitly include municipalities under the
term Aindividual.@  Accordingly, we hold that section 38.001(8)
does not authorize recovery of attorney=s fees
by NuRock against the City. The City=s fifth
issue is sustained.

Conclusion








The City is not immune from NuRock=s claims
for breach of the Settlement Agreement. 
The trial court, therefore, properly denied the City=s plea
to the jurisdiction as to this claim. 
The trial court erred, however, by denying the City=s plea
as to NuRock=s takings claim, requests for
declaratory and injunctive relief, and for attorney=s
fees.  Accordingly, we affirm that part
of the trial court=s order denying the City=s plea
to the jurisdiction as to NuRock=s breach
of Settlement Agreement. We reverse that part of the order denying the City=s plea
as to NuRock=s takings claim, requests for
declaratory and injunctive relief, and for attorney=s fees,
and dismiss those claims. 

 

 

 

JOHN
CAYCE

CHIEF
JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON, J.; and DIXON W.
HOLMAN (Senior Justice, Retired, Sitting by Assignment).

 

LIVINGSTON, J. filed a
concurring opinion.

 

DELIVERED:  July 30, 2009

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-422-CV

 

 

THE
CITY OF CORINTH, TEXAS                                             APPELLANT

 

                                                   V.

 

NUROCK DEVELOPMENT, INC.,


NUROCK CORPORATION, 

NDG-TOWER RIDGE 1, LLC
AND 

TOWER
RIDGE CORINTH 1, LTD.                                            APPELLEES

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                  CONCURRING OPINION

 

                                              ------------








I concur in the result reached by the majority,
but I write separately to clarify and express disagreement with some of the
statements contained in the majority opinion and to emphasize that the majority=s
holding does not affect the precedent established by a previous opinion from
our court, City of Carrollton v. Singer. 
232 S.W.3d 790, 800 (Tex. App.CFort
Worth 2007, pet. denied) (following Tex. A&M Univ.-Kingsville v. Lawson,
87 S.W.3d 518, 522B23 (Tex. 2002) (holding that
when a governmental entity is exposed to suit because of a waiver of immunity,
it cannot settle that suit and subsequently deny waiver of immunity for
enforcement thereof)).

Chapter 271 of the local government code

The majority opinion acknowledges that
governmental entities like Corinth waive immunity from liability when
they enter into contracts with private citizens.  Majority op. at 6.  And discussing a city=s
immunity from suit, the majority observes that governmental entities do
not automatically waive immunity from suit simply by entering into
contracts.  Id.; see Catalina
Dev., Inc. v. County of El Paso, 121 S.W.3d 704, 705 (Tex. 2003).








However, under chapter 271 of the local
government code, when a party provides goods or services to a local government,
the local government waives immunity from suit as well for the purpose
of adjudicating a claim for breach of the contract if the contract is properly
authorized and executed.  See Tex.
Loc. Gov=t Code
Ann. '' 271.151B.152
(Vernon 2005);[1] Singer, 232
S.W.3d at 795 n.4.  The majority failed
to note this statutory exception in its broad statement regarding lack of
immunity from suit in breach of contract claims.  While NuRock did not explicitly rely on
chapter 271 as a basis for its argument about Corinth=s waived
immunity, several courts, including our supreme court, are remanding cases
where chapter 271 likely applies.

For example, the Dallas Court of Appeals remanded
two different cities= firefighters= cases
against Grand Prairie and Dallas, respectively, to allow the trial court an
opportunity to determine whether sections 271.151B.160
might apply.  See Bell v. City of
Grand Prairie, 221 S.W.3d 317, 323 n.4 (Tex. App.CDallas
2007, no pet.) (op. on reh=g); City
of Dallas v. Albert, 214 S.W.3d 631, 636B37 (Tex.
App.CDallas
2006, pet. filed) (op. on reh=g); see
also City of Houston v. Clear Channel Outdoor, Inc., 197 S.W.3d 386, 386B87 (Tex.
2006) (holding that remand is proper to give the proponent of waiver of
immunity an opportunity to argue that chapter 271 applies because it applies
retroactively); McMahon Contracting, L.P. v. City of Carrollton, 197
S.W.3d 387 (Tex. 2006) (same).








I recognize that the cited cases were in the
appellate process when the revisions to chapter 271 took place, as opposed to
this case, which was not even filed until after its effective date.  However, we should not ignore the posture of
this case when filed:  Corinth was the
original plaintiff for the very breach of contract actionCbreach
of the Settlement AgreementCit now
seeks to avoid.  Corinth first filed suit
in April 2006.  At the time NuRock filed
its answer, Corinth had not challenged jurisdiction.  And by the time Corinth first asserted its
plea to the jurisdiction, in June 2007, all pleadings were on file and
discovery was complete. 

Furthermore, the issue regarding the
applicability of chapter 271 was before the trial court regardless.  Corinth raised its applicability in its plea
to the jurisdiction, in its seconded amended answer, and in its alternative
motion for summary judgment.  In fact,
Corinth alternatively asserted that section 271.153(b) could apply, which could
serve to protect Corinth from some of the damages it claimed would be excluded
by the chapter itself.  See Tex.
Local Gov=t Code Ann. ' 271.153(b)
(Vernon 2005) (excluding consequential and exemplary damages from recovery
under chapter 271).  On this record, we
can not tell whether the trial court applied this statute when it denied
Corinth=s plea
to the jurisdiction.








The majority opinion only concedes lack of
immunity on one theory:  that the
underlying suit was based upon breaches of the Federal Fair Housing Act wherein
a state=s
immunity from suit is maintained but a city=s
immunity from suit is not.  Majority op.
at 9.  In affirming the trial court=s
judgment denying Corinth=s plea to the jurisdiction, I
would also instruct the trial court to determine the applicability of this
statute on waiver of immunity from suit. 
See Tex. Loc. Gov=t Code
Ann '' 271.151B.160.

The effect of the dismissal of Corinth=s
affirmative claims








NuRock also cited Reata Construction
Corporation v. City of Dallas (AReata II@) to
argue that Corinth waived its immunity against NuRock=s claim
for a breach of the settlement agreement by asserting its own monetary claim
for a breach of that agreement.  197
S.W.3d 371, 376B77 (Tex. 2006).  Corinth responded by stating that it has
withdrawn all of its claims for affirmative relief and that the reasoning of Reata
II, which allows private parties to assert otherwise immunity-barred claims
as offsets against a governmental entity=s
recovery, cannot therefore apply.  Id.
at 377.  Although the majority did not
discuss the effect of Reata II, I disagree with the notion that a
governmental entity may totally regain immunity that it has lost through filing
affirmative claims by simply dismissing or nonsuiting those claims much later
in the litigation; such a process would allow the entity to participate in
litigation without any risk of loss and flies in the face of the supreme court=s
procedural rules and related case law.  See
Tex. R. Civ. P. 162 (stating a dismissal shall not prejudice the right of
an adverse party regarding a pending claim for relief or the right of the trial
court to tax costs); Reynolds v. Murphy, 266 S.W.3d 141, 145 (Tex. App.CFort
Worth 2008, pet. denied); see also Joachim v. Travelers Ins. Co., 279
S.W.3d 812, 815 (Tex. App.CAmarillo
2008, pet. filed).  But see City of
Dallas v. Albert, 214 S.W.3d 631, 636 (Tex. App.CDallas
2006, pet. filed and briefing proceeding in the Supreme Court of Texas) (op. on
reh=g)
(holding that Athe City=s now
withdrawn counterclaims cannot form the basis of the trial court=s
jurisdiction@); cf. City of Dallas v.
Saucedo-Falls, 172 S.W.3d 703, 708 (Tex. App.CDallas
2005), rev=d, 218
S.W.3d 79 (Tex. 2007).

For these reasons, I agree with the majority=s
disposition of Corinth=s first and second issues by
overruling them, but I disagree with the limited basis upon which that
disposition was reached.

The continuing validity of our Singer opinion








As the majority notes, a governmental entity may
waive immunity from suit by entering and breaching an agreement that settles a
claim for which the entity did not have immunity.  Lawson, 87 S.W.3d at 518, 522B23; see
majority op. at 7.  For instance, when a
governmental entity enters into a contract under the threat of and in lieu of
condemnation proceedings, for which the entity does not have immunity, the
entity does not have immunity for a breach of that contract.  Singer, 232 S.W.3d at 798B800.  I agree with the majority=s
expression in its resolution of Corinth=s third
issue that a governmental entity=s act
under colorable contract rights alone cannot be a taking and that immunity
applies in such a situation, but I note that the inverse circumstanceCwhere
the entity enters a contract with a threat of a colorable takingCdoes not
maintain immunity for a breach of a contract that resolves the threat.  See majority op. at 11; State v.
Holland, 221 S.W.3d 639, 644 (Tex. 2007); Singer, 232 S.W.3d at 800.

The ripeness of NuRock=s claim
for injunctive relief

Finally, I cannot agree with the majority that
NuRock=s claim
for injunctive relief is not ripe for adjudication.  See majority op. at 14B16.  The majority holds that the Apossibility
of future arbitrary and capricious conduct concerning the Apartments is too
remote to support a claim for a permanent injunction.@  Id. at 16.  But the prevention of imminent,
nonspeculative future conduct is indeed a valid purpose of an injunction, and
ripeness only requires a showing that an injury is likely to occur.  See Patterson v. Planned Parenthood of
Houston & Se. Tex., Inc., 971 S.W.2d 439, 442 (Tex. 1998); Democracy
Coal. v. City of Austin, 141 S.W.3d 282, 296 (Tex. App.CAustin
2004, no pet.).








Preceding NuRock=s
request in its pleading that Corinth and its representatives be enjoined from
arbitrarily and capriciously applying Corinth=s
ordinances and variances, NuRock alleged that its construction and leasing of
its apartments had already been delayed because, in summary, (1) Corinth
arbitrarily canceled and refused to perform inspections, (2) Corinth refused to
issue permits and certificates of occupancy for reasons not contemplated by and
in contravention to the parties=
agreement settling their federal case, and (3) Corinth refused to meet with
NuRock=s
representatives about issues related to NuRock=s
construction.  And contrary to a
statement in Corinth=s reply brief, NuRock did plead Aimmediate
and irreparable injury@ based on Corinth=s
allegedly wrongful continued interference in NuRock=s
development project.








I believe that NuRock=s pleading,
when construed liberally as required by our standard of review, provided the
trial court with a sufficient basis to determine that an injury was likely to
occur by similar future conduct by Corinth, and I would hold that whether the
allegations comprise the type of harm that would entitle NuRock to injunctive
relief concerns the merits of NuRock=s claim,
not the ripeness of the claim.  See Hays
County v. Hays County Water Planning P=ship, 69
S.W.3d 253, 260 (Tex. App.CAustin
2002, no pet.); cf. Tex. Bay Cherry Hill, L.P. v. City of Fort Worth,
257 S.W.3d 379, 394 (Tex. App.CFort
Worth 2008, no pet.) (concluding that a claim for an injunction against an
eminent domain action was not ripe because the City of Fort Worth expressly
stated that it would not exercise its eminent domain authority); Coble v.
City of Mansfield, 134 S.W.3d 449, 458 (Tex. App.CFort
Worth 2004, no pet.) (holding that a regulatory taking claim was not ripe
because the City of Mansfield had not acted to apply its ordinance at issue to
specific property).  However, because I
believe that the majority=s decision to dismiss appellees=
injunctive relief claim against Corinth is supported by an independent ground
argued by Corinth in its brief (related to the proper governmental defendant
for injunctive relief when the injunction does not involve constitutional
violations), I concur with the majority=s
disposition overruling that claim.  See
City of Elsa v. M.A.L., 226 S.W.3d 390, 391B92 (Tex.
2007); City of Alton v. Sharyland Water Supply Corp., 277 S.W.3d 132,
156 (Tex. App.CCorpus Christi 2009, pet. filed)
(op. on reh=g); Meroney v. City of
Colleyville, 200 S.W.3d 707, 711 (Tex. App.CFort
Worth 2006, pet. granted, judgm=t
vacated w.r.m.).

For
the reasons stated, I concur only with the majority=s judgment and its
disposition of this appeal.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

DELIVERED:  July 30, 2009











[1]No. 4:04cv277 (E.D. Tex.
July 30, 2004).





[2]42 U.S.C. '' 3604, 3617 (2003).





[3]Tex. Prop. Code Ann. ' 301.021 (Vernon 2007).





[4]Tex. Const. art. I,' 17.





[5]42 U.S.C. ' 1983 (2003).





[6]See Tex. Dep=t of Parks & Wildlife
v. Miranda,
133 S.W.3d 217, 225B26 (Tex. 2004); City
of Carrollton v. Singer, 232 S.W.3d 790, 794 (Tex. App.CFort Worth 2007, pet.
denied).





[7]See State v. Fiesta Mart,
Inc.,
233 S.W.3d 50, 53B54 (Tex. App.CHouston [14th Dist.]
2007, pet. denied) (citing Chocolate Bayou Water Co. & Sand Supply v.
Tex. Natural Res. Conservation Comm=n, 124 S.W.3d 844, 849 (Tex. App.CAustin 2003, pet.
denied)).





[8]See Miranda, 133 S.W.3d at 226.





[9]Id.; Singer, 232
S.W.3d at 795.





[10]Miranda, 133 S.W.3d at 226_27.





[11]Id at 227.





[12]Id.





[13]See 42 U.S.C. '' 3604, 3617.





[14]See Fed. Sign v. Tex. S.
Univ.,
951 S.W.2d 401, 405 (Tex. 1997); Singer, 232 S.W.3d at 795.





[15]See Fed. Sign, 951 S.W.2d at 405; Singer,
232 S.W.3d at 795.





[16]Singer, 232 S.W.3d at 795
(quoting Miranda, 133 S.W.3d at 224).





[17]See Singer, 232 S.W.3d at 795; see
also Fed. Sign, 951 S.W.2d at 405.





[18]See Catalina Dev., Inc.
v. County of El Paso, 121 S.W.3d 704, 705 (Tex. 2003); Gen. Servs. Comm=n v. Little-Tex
Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001).





[19]See Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp.
2008); Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248
(Tex. 2002).





[20]87 S.W.3d 518 (Tex.
2002).





[21]Id. at 521B22.





[22]Id. at 521; see also
Singer, 232 S.W.3d at 796, 799B800 (stating that in Lawson, Athe [Supreme Court of
Texas] determined that a governmental entity that has been exposed to a claim
for which liability from suit has been waived cannot regain that immunity by
entering into a settlement of that claim@(emphasis omitted)).





[23]The City also contends
that because Lawson is a plurality opinion, it is not binding and we
should not follow it.  Whether the City
is correct or not, this court has already elected to follow the Lawson
plurality.  See Singer, 232 S.W.3d
at 800.





[24]The City asserts that the
only state statute that could arguably have waived its immunity in the Federal
Action was the Texas Fair Housing Act, but that the Act does not actually waive
immunity.  See Tex. Prop. Code
Ann. '' 301.001B.171 (Vernon 2007).  Because of our disposition of the City=s first and second
issues, we need not and do not address this assertion.  See Tex. R. App. P. 47.1.





[25]U.S. Const. amend. XI.





[26]Alden v. Maine, 527 U.S. 706, 729, 119
S. Ct. 2240, 2254 (1999) (quoting Hans v. Louisiana, 134 U.S. 1, 13, 10
S. Ct. 504, 506 (1890)).





[27]See, e.g., Idaho v. Coeur d=Alene Tribe of Idaho, 521 U.S. 261, 279, 117
S. Ct. 2028, 2039 (1997) (explaining that state is not immune from claim for
damages under federal Title VII because Congress can abrogate Eleventh
Amendment immunity when exercising remedial powers under section five of
Fourteenth Amendment); Univ. of Tex. at El Paso v. Herrera, 281 S.W.3d
575, 579 (Tex. App.CEl Paso Nov. 25, 2008,
pet. filed) (AFederal courts have no
jurisdiction over federal or state law claims against a state or state agency
unless Eleventh Amendment immunity has been expressly waived by the state or
abrogated by Congress pursuant to proper constitutional authority.@) (citing Hoff v. Nueces
County, 153 S.W.3d 45, 48 (Tex. 2004)).





[28]See, e.g., Tex. A & M.
Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 838B39 (Tex. 2007) (holding
that because state has not waived immunity from money damages against federal
claim based on ' 1983, Lawson is
not implicated by claim that state official breached agreement settling ' 1983 claim).





[29]Lake Country Estates,
Inc. v. Tahoe Reg=l Planning Agency, 440 U.S. 391, 401, 99
S. Ct. 1171, 1177 (1979); see also Lincoln County v. Luning, 133 U.S.
529, 530, 10 S. Ct. 363, 363 (1890) (concluding that Eleventh Amendment
immunity extends only to States, not to counties or municipal corporations).





[30]See Howlett v. Rose, 496 U.S. 356, 376_77, 110 S. Ct. 2430, 2443 (1990) (holding
that state law sovereign immunity defense is not available to school board in _ 1983 action brought in state court that
otherwise has jurisdiction when such defense would not be available if action
were brought in federal court); see also Keith v. Volpe, 858 F.2d 467,
482 (9th Cir. 1988) (citing U.S. v. City of Parma, 661 F.2d 562, 572
(6th Cir. 1981), cert. denied, 456 U.S. 926 (1982)); People Helpers,
Inc. v. City of Richmond, 789 F. Supp. 725, 734 (E.D. Va. 1992) (A[M]unicipalities are >persons= who can be sued under
the [federal] Fair Housing Act.@).





[31]See Koseoglu, 233 S.W.3d at 838B39 (suggesting that breach
of settlement claim based on agreement settling federal claim for which
immunity was waived would implicate Lawson).





[32]See Gen. Servs. Comm=n, 39 S.W.3d at 598.





[33]See State v. Holland, 221 S.W.3d 639, 644
(Tex. 2007); see Tex. Const. art. I, _17.





[34]See State v. Holland, 221 S.W.3d at 644.





[35]See id. at 643 (holding that
focus is whether the state has the Arequisite intent@ to take property for
public use when the contract is formed).





[36]See Mustang Pipeline Co.
v. Driver Pipeline Co., 134 S.W.3d 195, 196 (Tex. 2004) (AIt is a fundamental principle of contract law
that when one party to a contract commits a material breach of that contract,
the other party is discharged or excused from further performance.@).





[37]NuRock contends that Town
of Flower Mound v. Stafford Estates, Ltd., 135 S.W.3d 620 (Tex. 2004),
compels a different result because the Texas Supreme Court permitted the developer
in that case to maintain a takings cause of action even though the developer Avoluntarily@ completed the roadway
improvements and transferred them to the town. 
Contrary to NuRock=s reading of Stafford,
however, the developer=s construction of the
improvements in that case was not voluntary, but, instead, was made under
protest Aat every administrative
level in the Town.@  Id. at 624.





[38]See Tex. Civ. Prac. &
Rem. Code Ann. '' 37.001B.011 (Vernon 2008).





[39]Chenault v. Phillips, 914 S.W.2d 140, 141
(Tex. 1996) (quoting State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994));
see also Tex. Civ. Prac. & Rem. Code Ann. '' 37.001B.011.





[40]See Tex. Ass=n of Bus. v. Tex. Air
Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993).





[41]Compare Tex. Educ. Agency
v. Leeper,
893 S.W.2d 432, 446 (Tex. 1994) (holding that court had jurisdiction where
plaintiff sought declaratory judgment challenging state agency=s construction of
compulsory school attendance law), with Tex. Natural Res. Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 859B60 (Tex. 2002) (plurality
op.) (holding that court lacked jurisdiction where plaintiff sought declaration
that state agency breached contract, as such claim was Aonly . . . an attempt to
have the trial court decide its breach‑of‑contract claim [for which
immunity was not waived]@); see also de Miño v.
Sheridan, 176 S.W.3d 359, 368 (Tex. App.CHouston [1st Dist.] 2004, no pet.) (concluding
that request for declaratory relief Amerely recast[] [plaintiff=s] defamation claims@ and, therefore, was Anot within the proper
scope of an action for declaratory relief@).





[42]See Macias v. Rylander, 995 S.W.2d 829, 833
(Tex. App.CAustin 1999, no pet.) (AGenerally, an
administrative agency acts in a legislative capacity when it addresses broad
questions of public policy and promulgates rules for future application >to all or some part of
those subject to its power.=@).





[43]See Beacon Nat=l Ins. Co. v. Montemayor, 86 S.W.3d 260, 268B69 (Tex. App.CAustin 2002, no pet.)
(holding declaratory judgment action not available to insurer because series of
letters and draft consent decree are not a Arule@ for purposes of statute authorizing declaratory
judgment action to construe agency rules); Macias, 995 S.W.2d at 833 (AIn determining whether an
administrative agency was acting in a legislative or judicial capacity, we ask
whether the administrative action implements broad public policy or concerns
only the parties immediately affected.@).





[44]See IT-Davy, 74 S.W.3d at 855B56; de Miño, 176
S.W.3d at 368.





[45]See IT‑Davy, 74 S.W.3d at 855B56.





[46]See City of Dallas v.
VSC, LLC,
242 S.W.3d 584, 598 (Tex. App.CDallas 2008, pet. filed) (holding that appellate
court has interlocutory jurisdiction only to consider issues that were raised
in plea to jurisdiction).





[47]See, e.g., Mayhew v. Town
of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999).





[48]See Tex. Ass=n of Bus., 852 S.W.2d at 445B46; see also Waco
Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 850_51 (Tex. 2000) (holding that
jurisdictional grounds not raised in plea to jurisdiction can be raised for
first time on interlocutory appeal); see also Dominguez v. City of Fort
Worth, No. 02-06-00196-CV, 2008 WL 623583, at *3 & n.16 (Tex. App._Fort Worth Mar. 6, 2008, pet. denied)
(mem. op.) (considering immunity argument raised for first time in
interlocutory appeal and noting that A[g]enerally, a challenge to subject matter
jurisdiction may be raised at any time@).





[49]Patterson v. Planned
Parenthood of Houston & Se. Tex., Inc., 971 S.W.2d 439, 442 (Tex. 1998).





[50]Id.





[51]See OAIC Commercial
Assets, L.L.C. v. Stonegate Village, L.P., 234 S.W.3d 726, 746 (Tex. App.CDallas 2007, pet. denied)
(holding that where party lacked standing to bring declaratory judgment action,
party could not recover attorney=s fees under Declaratory Judgments Act); Cytogenix,
Inc. v. Waldroff, 213 S.W.3d 479, 490 (Tex. App.CHouston [1st Dist.] 2006,
pet. denied) (holding that party may not recover attorney=s fees under Declaratory
Judgments Act where claim for declaratory relief mirrored breach of contract
claim).





[52]See Tex. Civ. Prac. &
Rem. Code Ann. ' 38.001(8) (Vernon 2008).





[53]Id.(emphasis supplied).





[54]Webster=s Third New International
Dictionary
1152 (2002).





[55]See Tex. Gov=t Code Ann. ' 311.005(2) (Vernon 2005)
(A>Person= includes corporation,
organization, government or governmental subdivision or agency, business trust,
estate, trust, partnership, association, and any other legal entity.@).





[56]See Tex. Loc. Gov=t Code Ann. ' 5.904(a) (Vernon 2008) (AA municipality may not be
considered a corporation under a state statute governing corporations unless
the statute extends its application to a municipality by express use of the
term >municipal corporation,= >municipality,= >city,= >town,= or >village.=@).





[1]The waiver of immunity for a claim under
chapter 271 applies retroactively to contracts executed before the effective
date of the statute, September 1, 2005, if sovereign immunity had not been
waived with respect to the claim before that date.  See Tex. Loc. Gov=t Code Ann. '' 271.152B.154 historical note
(Vernon 2005) [Act of May 23, 2005, 79th Leg., R.S., ch. 604, ' 2, 2005 Tex. Gen. Laws
1548, 1549]; Tooke v. City of Mexia, 197 S.W.3d 325, 344B45 (Tex. 2006); Boyer,
Inc. v. Trinity River Auth. of Tex., 
279 S.W.3d 354, 358 (Tex. App.CFort Worth 2008, pet. filed).