

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-15-00002-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th District Court |
| DANIEL VILLEGAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 940D09328) |
| | § | |

## OPINION ON MOTION

The State of Texas is appealing a pre-trial order excluding certain recorded conversations in a capital murder prosecution. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(5)(West Supp. 2014). When the State appeals an order suppressing evidence, it is "entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article." TEX.CODE CRIM.PROC.ANN. art. 44.01(e)(West Supp. 2014). On January 6, 2015, we granted the State's emergency motion for a stay pursuant to Article 44.01(e). Our order specifically directed the trial court "to stay all proceedings in cause number 940D09328, styled *The State of Texas v. Daniel Villegas*, pending disposition of this appeal or further order of this Court." On March 4, 2015, the trial court signed an order sealing the recorded conversations which are the subject of this appeal. The State has filed a motion to enforce our stay order and it specifically asks that we

vacate the sealing order.[1] *See* TEX.GOV'T CODE ANN. §21.001(a)(West 2004)(authorizing a court to enforce its orders).

In his response to the State's motion, Villegas argues the State is attempting by its motion to secure review of an unappealable order. The State, however, has not asked the Court to review any aspect of the merits of the trial court's order sealing the recorded conversations. It is simply asserting the order should be vacated because it was entered in violation of our stay order and impairs the State's ability to appeal. Villegas next contends we should interpret Article 44.01(e) consistent with judicial interpretations of TEX.R.APP.P. 25.2, analogous civil authority, and the general principle that an interlocutory appeal does not suspend the trial court's jurisdiction. The question before us, however, is not whether the trial court lacked jurisdiction to enter the challenged order but whether the trial court's order violated the stay.

Villegas also asserts that Article 44.01(e) and the stay order apply only to the trial of the case and any other trial court proceedings that might impair this Court's ability to decide the merits of the interlocutory appeal. The State maintains the trial court's order sealing the recorded statements impairs its ability to appeal. Article 44.01(e) provides that the State is "entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article." TEX.CODE CRIM.PROC.ANN. art. 44.01(e). The phrase "is entitled to" creates or recognizes a right. TEX.GOV'T CODE ANN. §311.016(4)(West 2013).[2] Thus, the State has a statutorily-created right "to a stay in the proceedings." Villegas correctly observes that the term "proceedings" is not defined. Consequently, the term must be read in context and given its

---

[1] The trial court also signed an order granting Villegas's motion to modify bond restrictions. The State does not request any relief with respect to that order.

[2] The Code Construction Act applies to amendments to the Code of Criminal Procedure enacted after the 60th Legislature. *Routier v. State*, 273 S.W.3d 241, 247 n.18 (Tex.Crim.App. 2008).

- 2 -

common meaning unless it has acquired a specialized or technical meaning. *See* TEX.GOV'T CODE ANN. §311.011 (West 2013). Black's Law Dictionary provides the following definitions of "proceeding":

1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment.

2. Any procedural means for seeking redress from a tribunal or agency.

3. An act or step that is part of a larger action.

4. The business conducted by a court or other official body; a hearing.

Black's Law Dictionary 1221 (7th ed. 1999). Additionally, Black's observes that "proceeding" is a word "much used to express the business done in courts" and is more comprehensive than the term "action." *Id.* Viewing "proceedings" in the context of Article 44.01 and assigning the term its commonly understood meaning, we conclude that it refers to all proceedings or matters involved in the criminal case. Accordingly, we conclude the State is entitled to a stay of all proceedings in the criminal case when it appeals a suppression order.

Our order expressly directed the trial court "to stay all proceedings in cause number 940D09328, styled *The State of Texas v. Daniel Villegas*, pending disposition of this appeal or further order of this Court." Despite the stay order's plain language, the trial court entered the order sealing the recorded conversations which are the subject of the State's appeal.[3] At this early stage in the appeal, it is difficult to determine the exact extent to which the trial court's order sealing the recorded statements will impair the State's ability to appeal.[4] Accepting as true the

---

[3] We recognize circumstances can arise requiring a stay order to be modified. The proper course of action in those circumstances is to seek modification of the stay order, which this Court can accomplish on an expedited basis if necessary.

State's assertion that the issues will involve the relevance and admissibility of the recorded statements, an order prohibiting the public disclosure of the recordings' contents will most likely inhibit the State's ability to effectively present its arguments on appeal.

Even if the order sealing the recorded conversations does not impair the State's ability to appeal, however, we conclude that the trial court's order violates the stay. Accordingly, we grant the State's motion and vacate the trial court's order sealing the recorded conversations. *See* TEX.GOV'T CODE ANN. §21.001(a)(authorizing a court to enforce its orders); *In re El Paso County Commissioners Court*, 164 S.W.3d 787, 787-88 (Tex.App.--El Paso 2005, orig. proceeding); *In re Martinez*, 77 S.W.3d 462, 464 (Tex.App.--Corpus Christi 2002, orig. proceeding). Further, we expressly order the trial court to not take any further action or enter any orders in cause number 940D09328, styled *The State of Texas v. Daniel Villegas*, except on motion filed with this Court and on notice to the District Attorney's Office. This order will remain in effect pending resolution of this appeal or further order of this Court.

STEVEN L. HUGHES, Justice

March 23, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[4] The reporter's record has not yet been filed.