**Dismissed in Part, Affirmed in Part, and Opinion filed February 11, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01019-CV

---

## LORETTA BRANCH, GRAYLYN JUDKINS, AND WANDA FORD, Appellants

### V.

## MONUMENTAL LIFE INSURANCE COMPANY, SHEILA THOMPSON A.K.A. SHEILA BRANCH A.K.A. SHEILA HOWARD THOMPSON, EDWARD BRANCH SR., AND ROY BRANCH, Appellees

**On Appeal from the County Civil Court at Law No. 1 & Probate Court
Brazoria County, Texas
Trial Court Cause No. CIO46943**

# O P I N I O N

In this dispute over life-insurance proceeds, the deceased insured's former wife appeals the trial court's ruling that she is not entitled to the interpleaded funds. Her adult son and daughter also have attempted to appeal the judgment.

We dismiss the daughter's appeal for want of prosecution and dismiss the son's appeal for want of jurisdiction. We affirm the judgment as it pertains to the deceased's former wife.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Monumental Life Insurance Company filed this interpleader action to resolve competing claims to the proceeds of a $10,000 policy insuring the life of Archie Branch Sr. ("Archie"). The policy was obtained during Archie's marriage to Loretta Young Branch ("Loretta"), and Loretta was the named beneficiary. Archie and Loretta divorced on May 3, 2011.[1] Six weeks later, Archie died.

According to Loretta, she demanded the insurance proceeds as the named beneficiary, but Monumental refused payment. Monumental learned that a newspaper obituary identified the following five people as Archie's children: Sheila Thompson ("Sheila"),[2] Edward Branch Sr. ("Edward"), Roy Branch ("Roy"); Wanda Ford ("Wanda"); and Graylyn Judkins ("Graylyn"). Monumental filed an interpleader action, and on February 24, 2012, the trial court signed an order allowing Monumental to deposit the insurance proceeds into the registry of the court. On or about that time, the trial court also dismissed Monumental from the case or granted a motion for a nonsuit; however, the record does not contain a motion to dismiss or for a nonsuit, any responses or replies to such a motion, or the

[1] Archie's daughter Sheila purported to sign a pro se notice of appeal of the divorce on Archie's behalf. Because Sheila is a non-lawyer and Archie died before perfecting the appeal, Loretta successfully moved to dismiss that appeal. *See Branch v. Branch*, No. 01-11-00492-CV, 2012 WL 246522 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op., per curiam). Loretta then sought a bill of review in the same district court. The outcome of that bill-of-review proceeding is not clear from the record in this case, but it is the subject of a separate appeal currently pending before the First Court of Appeals. *See Branch v. Branch*, No. 01-12-001159-CV.

[2] This individual signed court documents as Sheila Howard Thompson, but she appears to be the same person as the individual identified by Loretta as Shelia [sic] Branch Thompson or simply as Shelia [sic] Branch.

2

order granting it.

The merits of the remaining parties' claims to the insurance proceeds were the subject of a one-day nonjury trial. Loretta was represented by one attorney, and Sheila, Edward, and Roy were represented by another. Wanda appeared pro se, and Graylyn did not appear at all. The trial court ruled that Loretta "has no legal claim or right" to the deposited funds, which instead belong solely to Archie's legal heirs. The trial court further ordered the money held in the court's registry until Archie's estate "has been properly probated" and the identity of his legal heirs has been determined.

Loretta timely filed a pro se notice of appeal, purportedly on behalf of herself, Graylyn, and Wanda; however, only Loretta signed the notice of appeal. Four weeks later, Loretta filed an amended notice of appeal, purportedly on behalf of herself and Graylyn, but again, the notice was signed only by Loretta. Five days later, Wanda signed and filed a pro se amended notice of appeal. Through counsel, Loretta filed an appellate brief raising issues on her own behalf, but the brief did not mention Graylyn or Wanda or include any arguments on their behalf.

We issued an order informing the parties that (a) Graylyn's appeal would be dismissed unless he filed a response demonstrating that the appeal should continue, and (b) Wanda's appeal would be dismissed for want of prosecution unless she filed an appellate brief. Wanda did not respond, but Graylyn and Loretta signed a joint response in which they represented that Graylyn joined in Loretta's appellate brief.[3] Under the circumstances, we will treat Graylyn's signed response as an amended notice of appeal that cures Graylyn's failure to sign the original pro se notice of appeal.

---

[3] In that response, Graylyn purported to raise an additional appellate issue, but that issue already had been presented in Loretta's brief.

## II. ISSUES PRESENTED

In their first issue, Loretta and Graylyn argue that Loretta is entitled to all insurance proceeds—or alternatively, to a refund of all premiums paid—because the insurance policy attached to Monumental's petition is not the policy issued to Archie but instead is a sample policy that identifies a different insurer. In their second issue, they contend that the trial court erred in excluding evidence about Loretta's ownership interest or her right to the proceeds of the policy. They assert in their third issue that the trial court erred in determining that Loretta had no right to the insurance proceeds. They argue in their fourth issue that the trial court erred in dismissing Monumental from this suit because Loretta had a counterclaim against Monumental under the prompt-payment statute.

## III. DISMISSAL OF WANDA'S APPEAL

Because Wanda failed to file an appellate brief as ordered, we dismiss her appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

## IV. DISMISSAL OF GRAYLYN'S APPEAL

"An appealing party 'may not complain of errors which do not injuriously affect him or which merely affect the rights of others.'" *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150 (Tex. 1982) (quoting *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973)); *Gilchrist v. Carroll*, No. 14-10-00901-CV, 2011 WL 5999012, at *3 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, no pet.) (mem. op.) (same). Although Graylyn was a party to this action in the trial court, he has standing to appeal only if the judgment prejudiced his own interests. *See Trojacek v. Estate of Kveton*, No. 14-07-00911-CV, 2009 WL 909591, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009, no pet.) (mem. op.).

In the judgment under review, the trial court addressed only Loretta's

claims. Although the judgment is adverse to Loretta, it does not affect Graylyn's rights. Because Graylyn does not have standing to appeal a judgment that is adverse only to his mother's interest, we lack subject-matter jurisdiction over his appeal. *See id.*, 2009 WL 909591, at *4 (dismissing appeal for lack of subject-matter jurisdiction as to appellant who attempted only to challenge the judgment on behalf of her sister and nieces). We accordingly dismiss Graylyn's appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

## V. MERITS OF LORETTA'S APPEAL

We generally address first those points that, if sustained, would require us to reverse and render judgment rather than to reverse and remand. *See* TEX. R. APP. P. 43.3 (when reversing a judgment, the appellate court must render judgment unless a remand is required). We therefore begin with Loretta's first and third issues, because if we were to sustain either issue, it might be possible to render judgment. We then address her second and fourth issues, because if we were to sustain those issues, we could only remand the case for further proceedings.

### A. Monumental's alleged failure to attach the correct policy to its pleading does not establish Loretta's right to judgment on any of her claims.

In her first issue, Loretta argues that she is entitled to the insurance proceeds or to a refund of all premiums paid because Monumental failed to attach the correct insurance policy to its pleading. She asserts that the policy attached to Monumental's petition is a sample policy of People's Benefit Life Insurance Company rather than the Monumental policy insuring Archie's life. She contends that Monumental accordingly "has nothing before the court to show the terms and conditions of the alleged policy," and that she therefore is entitled to all insurance proceeds or at least to a refund of all premiums paid for the policy.

Loretta cites no authority that Monumental was required to attach the policy

5

to its pleadings.  *See* TEX. R. APP. P. 38.1(i) (arguments must be supported by citation to appropriate authorities and to the record).  Monumental was permitted—but not required—to attach a copy of the policy, quote it, or summarize it.  *See* TEX. R. CIV. P. 45 (setting forth pleading requirements); TEX. R. CIV. P. 59 (explaining that "written instruments, constituting, in whole or in part, the claim sued on . . . *may* be made a part of the pleadings by [attaching and filing copies or originals] or by copying the same in the body of the pleading in aid and explanation of the allegations") (emphasis added); *see also Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988) ("Rule 45 does not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action.").

Loretta also is mistaken about the burden of proof:  Monumental was not required to show that Loretta was or was not entitled to any of the relief she sought.  In an interpleader action, "each claimant has the burden of proving its own claim and its relative priority as to all other claimants."  *Northshore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787, 789 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (citing *Worden v. Thornburg*, 564 S.W.2d 480, 483 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.)).  It therefore was Loretta's responsibility to show that she had a superior right to any interpleaded funds she claimed.  Monumental's purported failure to offer evidence disproving her claims is no evidence that Loretta was entitled to prevail.

We overrule this issue.

## B.    Loretta failed to establish her right to judgment.

Loretta also argues that the trial court erred in ruling that she has no right to the interpleaded insurance proceeds.  Where, as here, the case was tried without a jury and no findings of fact or conclusions of law were requested or filed, we will

6

uphold the trial court's judgment on any theory supported by the record, implying the necessary fact findings. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam). Loretta does not explicitly state whether she challenges the legal or factual sufficiency of the evidence supporting the implied findings, but she asserts that she is entitled to the life-insurance proceeds. She does not contend that there is a question of fact or that remand is appropriate. We therefore understand this issue as a challenge to the legal sufficiency of the evidence. When a party challenges the legal sufficiency of the evidence supporting an adverse finding on which she had the burden of proof, she bears the burden on appeal to demonstrate that, as a matter of law, the evidence establishes all vital facts in support of the issue. *See Mo. Pac. R.R. Co. v. Limmer*, 299 S.W.3d 78, 84 & n.30 (Tex. 2009) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam)).

By statute, if an insured's spouse is designated as a life-insurance beneficiary but the couple later divorces or their marriage is annulled, the earlier designation of the spouse as a policy beneficiary is ineffective. *See* TEX. FAM. CODE ANN. § 9.301(a) (West 2006). If that happens, then the policy proceeds are payable to the named alternative beneficiary, or if there is none, then the proceeds are payable to the insured's estate. *Id.* § 9.301(b). The same statute provides three exceptions to this rule. The earlier designation of a former spouse as a life-insurance beneficiary is not rendered ineffective if (1) the former spouse is designated as the beneficiary in the divorce decree; (2) the insured redesignates the former spouse as a beneficiary after the divorce; or (3) the former spouse is designated to receive the insurance proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either of the former spouses. *Id.* § 9.301(a).

It is undisputed that Loretta was married to Archie when she was designated as the policy's named beneficiary, and that they subsequently divorced; thus, as a

matter of law, her designation as the policy beneficiary was of no effect unless one of the three statutory exceptions applies. *See id*.; *cf. Copeland v. Alsobrook*, 3 S.W.3d 598, 600 n.2 (Tex. App.—San Antonio 1999, pet. denied) (applying the predecessor statute to section 9.301). Loretta does not contend that she alleged or proved any of these things.

Loretta does not address the effect of the statute, and instead argues that she is entitled to the insurance proceeds as the designated beneficiary because she did not intend to divest herself of that right. In support of this position, she relies on *Gillespie v. Moore*, 635 S.W.2d 927, 928 (Tex. App.—Amarillo 1982, writ ref'd n.r.e.), and the cases cited therein for the proposition that a divorcing "spouse who conveys the ownership interest in a policy does not necessarily lose the right to receive the policy proceeds as the designated beneficiary." *Id.* (citing *Partin v. De Cordova*, 464 S.W.2d 956, 957 (Tex. Civ. App.—Eastland 1971, writ ref'd); *Pitts v. Ashcraft*, 586 S.W.2d 685, 695–96 (Tex. Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.)).

The authorities on which Loretta relies are inapplicable because they predate the statute that governs this case.[4] *Gillespie*, *Partin*, and *Pitts* were decided before the legislature declared that the designation of a spouse as a life-insurance beneficiary became ineffective upon divorce. The law changed in 1987, when the legislature enacted section 9.301's predecessor, Texas Family Code section 3.632. *See* Act of July 20, 1987, 70th Leg., 2nd C.S., ch. 50, § 1, 1987 TEX. GEN. LAWS 159, 159; *Sever v. Mass. Mut. Life Ins. Co.*, 944 S.W.2d 486, 491 (Tex. App.—Amarillo 1997, writ denied) ("Before the adoption of section 3.632, the designated former spouse was awarded the policy proceeds."). Where, as here, no marital-

---

[4] The cases also are factually distinguishable because they deal with the construction of marital-property agreements, and Loretta did not allege or prove that any such agreement existed.

property agreement is involved, a divorce's effect on the designation of a spouse as a life-insurance beneficiary is now governed by statute. Because Loretta does not contend that any of the statutory exceptions apply, we conclude that Archie's designation of her as a life-insurance beneficiary is ineffective as a matter of law. We accordingly overrule this issue.

## C. The challenged evidentiary rulings do not constitute reversible error.

In this issue, Loretta asserts that the trial court erred in sustaining relevancy objections to an exhibit and to her testimony that purportedly concerned her ownership interest in the policy or her right to reimbursement of all or a portion of the premiums paid for the policy. We analyze the challenged evidentiary rulings under an abuse-of-discretion standard. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (sub. op.). We will uphold the ruling if there is any legitimate basis for it. *Caffe Ribs, Inc. v. State*, 328 S.W.3d 919, 927 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

### 1. Evidence that Loretta paid the premiums is irrelevant to her claim that she is entitled to the proceeds as a policy owner.

Loretta contends that the trial court erred in excluding as irrelevant her testimony that she paid the policy premiums. According to Loretta, this evidence was relevant to her claim that she owned the policy and was therefore entitled to the policy proceeds. Her position appears to be based on the implicit assumption that if she paid the premiums on the insurance policy, then she has a right to the policy proceeds. We disagree.

Upon divorce, the trial court was required to—and did—"specifically divide or award the rights of each spouse in an insurance policy." TEX. FAM. CODE ANN. § 7.004 (West 2006). Ownership of the policy has already been adjudicated, and the trial court in the divorce case awarded the policy to Archie. During the trial of

this interpleader action, Loretta's counsel acknowledged on the record that in the divorce, Loretta was divested of her interest in the policy.[5] The ruling awarding the policy to Archie is not subject to collateral attack in this interpleader action. *See Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003) ("[A former spouse's] remedy for a substantive error of law [in the original divorce decree] by the trial court was by direct appeal, and he cannot now collaterally attack the judgment.").[6]

Because the divorce decree divested Loretta of any ownership interest in the policy and rendered her designation as a named beneficiary ineffective as a matter of law, the trial court did not abuse its discretion by excluding evidence that she paid for the policy premiums as irrelevant to the determination of whether she was entitled to the policy proceeds.

### 2. *Loretta's claim that her excluded testimony was relevant to her claim as a creditor beneficiary was not preserved for review.*

On appeal, Loretta additionally asserts that her excluded testimony was relevant to her position that she is a creditor beneficiary and therefore entitled to the insurance proceeds or some portion thereof. Because her creditor-beneficiary theory of recovery was not raised in the trial court, this complaint has not been preserved for review. *See* TEX. R. APP. P. 33.1(a). We accordingly overrule this issue.

### 3. *Loretta's complaint about the exclusion of documentary evidence presents nothing for review.*

Loretta also contends that the trial court erred in excluding one or more

---

[5] Loretta's counsel stated that Loretta "asked that the policy be awarded to her [in the divorce]. Judge Robertson divested her . . . ." The attorney also conceded that the spouse who was designated as the life-insurance beneficiary "is divested [upon divorce] unless the policy is changed," to which the trial court replied, "And that did not happen in this case."

[6] In citing this language, we do not imply that any ruling made in the divorce proceeding was or was not erroneous. Those rulings are not before us for review.

documents. She identifies this material by citing to an exhibit attached to her counterclaim and to pages in the reporter's record in which the trial court sustained a relevancy objection to "Defendant's Exhibit 2." We do not know the content of the offered exhibit, which was not included in the record. This complaint therefore presents nothing for our review. *See Nnunukwe v. State Farm Auto. Ins. Co.*, No. 14-02-00133-CV, 2003 WL 297576, at *1 (Tex. App.—Houston [14th Dist.] Feb. 13, 2003, no pet.). We accordingly overrule this issue.

### D. Loretta has failed to show that the trial court erred in releasing Monumental from this action.

In her remaining issue, Loretta contends that the trial court erred in releasing Monumental from this interpleader action because she asserted a counterclaim against Monumental under the prompt-payment statute. *See* TEX. INS. CODE ANN. § 542.060 (West 2009).[7] The record does not contain the order that permitted Monumental to exit the litigation. In a subsequent "motion to amend or reform judgment," counsel for Loretta and Graylyn variously characterized Monumental's departure from the case as a withdrawal, a nonsuit, or a dismissal; in its response to that motion, Monumental represented that the trial court dismissed it with prejudice. The record does not contain a motion to dismiss, a notice of nonsuit, or any responses or replies to any such motion or notice.

Because the record presents nothing for our review in connection with this issue, we overrule it.

### VI. CONCLUSION

For the reasons discussed above, we dismiss Wanda Ford's appeal for want of prosecution, dismiss Graylyn Judkins's appeal for want of jurisdiction, and

---

[7] The clerk's record shows that Loretta did not raise this counterclaim until after Monumental ceased to be a party.

11

affirm the judgment as to Loretta Young Branch.


/s/     Tracy Christopher
             Justice


Panel consists of Justices Boyce, Christopher, and Brown.