**Opinion issued June 26, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01159-CV

———————————

## LORETTA BRANCH, Appellant

## V.

## ARCHIE BRANCH, Appellee

On Appeal from the County Court at Law No. 1
Brazoria County, Texas
Trial Court Case No. 62037

## MEMORANDUM OPINION

Loretta Branch appeals from a trial court's order dismissing her bill of review attacking a final divorce decree between her and Archie Branch. She

challenges the trial court's subject–matter jurisdiction to decide her bill of review. We conclude that the trial court lacked subject–matter jurisdiction, because Loretta's bill of review attacked the judgment of a different trial court. We therefore reverse the trial court's order and direct the trial court to transfer the case to the 300th District Court of Brazoria County, Texas.

## Background

In February 2011, Loretta sued Archie for divorce as a pro se litigant in the 300th District Court of Brazoria County. In May 2011, after Archie failed to answer or appear at a hearing, the trial court entered a default judgment against him and issued a final divorce decree. Loretta alleges that the trial court judge improperly checked a box in the divorce decree that awarded Archie the proceeds of a life insurance policy. Loretta alleges that she never requested the trial court judge to award the policy to Archie; rather, she intended that she be awarded the policy. The following month, Archie died.

In September 2012, Loretta petitioned for a bill of review as a pro se litigant in the 300th District Court. The 300th District Court transferred the case to the County Court at Law Number One of Brazoria County. In November 2012, the

2

County Court at Law Number One held a hearing and dismissed Loretta's bill of review.[1]

## Discussion

Loretta contends that (1) the county court lacked subject–matter jurisdiction to decide her bill of review; (2) the district court erred in transferring the case to the county court without proper notice to Loretta; and (3) the district court, in the original suit, erred in modifying the final divorce decree without proper notice to Loretta.

*Standard of review*

We review whether a trial court has subject–matter jurisdiction as a question of law subject to de novo review. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010) (per curiam).

*Analysis*

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). A bill–

---

[1] We note that the life insurance carrier filed an interpleader action to resolve competing claims to the life insurance proceeds. *Branch v. Monumental Life Ins. Co.*, 422 S.W.3d 919, 920 (Tex. App.—Houston [14th Dist.] 2014, no pet.). There, our sister court of appeals held that Loretta has no right to the insurance proceeds because of the divorce decree. *Id.* at 924.

of–review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was unable to present by the fraud, accident or wrongful act of the opposite party or official mistake, (3) unmixed with any negligence of his own. *Caldwell*, 154 S.W.3d at 96 (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979)). Because a bill of review is a direct attack on a judgment, it must be brought in the court that rendered the original judgment, and only that court has jurisdiction over the bill. *Fernandez*, 315 S.W.3d at 504 (citing *Richards v. Comm'n for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, no pet.)); *Martin v. Stein*, 649 S.W.2d 342, 346 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) (per curiam) ("A bill of review . . . is not a means of appeal of a judgment of one trial court to another trial court.").

Here, Loretta brought a bill of review in the 300th District Court, attacking a final divorce decree of that court. But the 300th District Court transferred the case to the County Court at Law Number One. The county court then dismissed Loretta's bill of review. Because Loretta's bill of review attacked a judgment of the 300th District Court, only the 300th District Court had jurisdiction over her bill of review. *See Fernandez,* 315 S.W.3d at 504. Accordingly, we hold that the

County Court at Law Number One lacked subject–matter jurisdiction over Loretta's bill of review.[2]

## Conclusion

Because the trial court lacked subject–matter jurisdiction, we reverse the trial court's order and direct the trial court to transfer the case to the 300th District Court of Brazoria County, Texas.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

---

[2] Because the county court lacked subject–matter jurisdiction, we need not address Loretta's other issues.

5