**Affirmed and Memorandum Opinion filed October 4, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00853-CV

_____

## AMIR BAJMANLOU, Appellant

### V.

## SIGNAD LTD, Appellee

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1047396**

# M E M O R A N D U M   O P I N I O N

Defendant Amir Bajmanlou appeals the judgment rendered against him after a non-jury trial on plaintiff SignAd, Ltd.'s claim, which was pleaded alternatively as a breach-of-contract cause of action, an action on an open account, a suit on a guaranty agreement, and a claim in quantum meruit. Bajmanlou contends that there is legally and factually insufficient evidence that SignAd performed the contract, but he has raised no issue about whether SignAd's claim is an action on

an open account as alleged. He also does not argue that SignAd failed to follow the procedure set forth in Texas Rule of Civil Procedure 185 that gives rise to an evidentiary presumption in the claimant's favor in a suit on account, nor does he deny that he failed to overcome the evidentiary presumption by filing a verified denial. In the absence of a successful challenge on one of these points, the evidentiary presumption, without more, is legally and factually sufficient to support the judgment in a suit on an open account. Because Bajmanlou does not address these points at all, we affirm the trial court's judgment.

## I. BACKGROUND

Appellant Amir Bajmanlou d/b/a Houston Outdoor Advertising contracted for appellee SignAd, Ltd. to print and display advertising on one of its illuminated billboards for Bajmanlou's client "One Stop Clinic" for one year. In exchange, Bajmanlou was to pay SignAd $24,000.00 in monthly installments of $2,000.00. Bajmanlou also was required to notify SignAd in writing at least thirty days before the contract's expiration if he intended the contract to lapse, and if he failed to do so, SignAd had the sole option to extend the contract on a monthly basis at the same rate for as long as Bajmanlou failed to provide a thirty-day notice of cancelation. Bajmanlou signed the contract both as the owner of his sole proprietorship and as "guarantor."

About eighteen months later, SignAd sued Bajmanlou for amounts due under the contract, variously characterizing the same complaint as (a) an action on an open account on which Bajmanlou was primarily liable; (b) a suit on a guaranty agreement, that is, a suit for payment of a debt for which Bajmanou was secondarily liable; (c) a breach-of-contract claim; and (d) a claim in quantum

2

meruit.[1]  SignAd's records custodian and collections manager Angie Heckel verified the petition and provided a supporting affidavit, together with authenticated copies of the parties' contract and SignAd's account records.  After a no-answer default was rendered and then set aside, Bajmanlou filed an unverified answer.

At the non-jury trial, SignAd's evidence consisted of a copy of the one-page contract, Bajmanlou's admission that he executed the contract, Heckel's live testimony concerning the amount due, and testimony from SignAd's counsel regarding attorney's fees.  Bajmanlou left the courtroom before the case was called, and his attorney introduced no evidence.  The trial court rendered judgment for SignAd in the principal amount of $17,814.79, plus attorney's fees of $3,500.00, pre-and post-judgment interest, and costs.  The trial court denied Bajmanlou's motion for new trial.

In Bajmanlou's first two issues on appeal, he challenges the legal and factual sufficiency of the evidence supporting the judgment against him "for breach of the guaranty agreement."  In his third issue, he asserts that the "terms of the guaranty agreement are uncertain due to the illegibility and ambiguousness" of one section of the contract.

## II. STANDARD OF REVIEW

Where, as here, a case was tried without a jury and no findings of fact or conclusions of law were requested or filed, then we will uphold the trial court's judgment on any theory supported by the record, implying the necessary fact findings.  *See Branch v. Monumental Life Ins. Co.*, 422 S.W.3d 919, 923 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Rosemond v. Al-Lahiq*, 331

---

[1] SignAd also named two other defendants that it believed were associated with Bajmanlou's company, but abandoned the claims against them.

S.W.3d 764, 766 (Tex. 2011) (per curiam)). Thus, a litigant seeking reversal of such a judgment must challenge every ground that could support it. *See Powell v. Reiswerg*, No. 14-12-00776-CV, 2013 WL 5883807, at *3 (Tex. App.—Houston [14th Dist.] Oct. 13, 2013, no pet.) (citing *Kelly v. Klein*, 827 S.W.2d 609, 611 (Tex. App.—Houston [14th Dist.] 1992, no writ)).

Bajmanlou contests his liability only for breach of "the guaranty agreement."[2] Even assuming, without deciding, that this theory of the case does not support the judgment, we must affirm on any unchallenged alternative theory supported by the record. For the reasons explained below, the record supports Bajmanlou's liability under the rules governing a suit on an open account.

### III. SUIT ON AN OPEN ACCOUNT

To maintain a suit on an open account for which a systematic record has been kept, the plaintiff's claim must be supported by an affidavit "to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed." TEX. R. CIV. P. 185. A petition supported by this material is "taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under

---

[2] The contract between Bajmanlou and SignAd does not constitute or contain a guaranty agreement. "A true guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt *of another* and may be called upon to perform once the primary obligor has failed to perform." *Republic Nat'l Bank of Dall. v. Nw. Nat'l Bank of Fort Worth*, 578 S.W.2d 109, 114 (Tex. 1978) (emphasis added); *see also Dann v. Team Bank*, 788 S.W.2d 182, 184 (Tex. App.—Dallas 1990, no writ) ("For there to be a guarantor, there must be a primary obligation on the part of another, the performance of which is guaranteed."). Because Bajmanlou promised only to answer for his own debts, he is the primary obligor, not a guarantor. *Cf. Maan v. First ATM, Inc.*, No. 03-06-00698-CV, 2008 WL 5210923, at *14 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.) ("If Maan had signed the Agreement in his personal capacity as the 'Merchant,' he would be the Agreement's primary obligor and not additionally an 'individual guarantor' of its own obligations."); *Eubank v. First Nat'l Bank of Bellville*, 814 S.W.2d 130, 133–34 (Tex. App.—Corpus Christi 1991, no writ) ("To treat Segundo as the guarantor as well as the borrower would negate the purpose of the guaranty.").

oath." *Id.*; *see also Pascual Madrigal P.L.L.C. v. Commercial IT Solutions Inc.*, No. 04-13-00742-CV, 2014 WL 4230174, at *2 n.1 (Tex. App.—San Antonio Aug. 27, 2014, no pet.) (mem. op.) (explaining that Rule 185 is an exception to the general rule that pleadings are not evidence).

To overcome this evidentiary presumption, the defendant must file a verified answer denying the account. *See* TEX. R. CIV. P. 185; TEX. R. CIV. P. 93(10); *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979) ("[A] defendant's verified denial of the correctness of a plaintiff's sworn account in the form required by Rule 185 destroys the evidentiary effect of the itemized account attached to the petition and forces the plaintiff to put on proof of his claim."). A defendant who fails to answer with a sworn denial waives the right to dispute the receipt of the goods or services or to contest the accuracy of the stated charges. *See* TEX. R. CIV. P. 185 ("[I]f he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be."); *Rizk*, 584 S.W.2d at 862.

On appeal, Bajmanlou does not dispute that SignAd's claim is an action on an open account and that SignAd complied with the requirements of Rule 185. SignAd pleaded that it provided services to Bajmanlou on an open account; that Bajmanlou accepted the services; and that Bajmanlou failed to pay the amounts due under the contract. In the affidavit attached to and incorporated in SignAd's petition, Heckel verified the petition, provided all information required under Rule 185, and authenticated attached copies of the contract and of the account activity. At trial, Heckel testified that further offsets reduced the amount owed, but the claim was otherwise unchanged. Bajmanlou introduced no controverting evidence.

Bajmanlou also does not dispute that he failed to overcome the evidentiary presumption by answering the suit with a verified denial. Bajmanlou's answer

contains a section with the heading, "Verified Denials," and a verification form attached to the answer contains Bajmanlou's name, but the form purports to verify a petition for expunction in a different case, and it is neither signed nor notarized.

Because Bajmanlou did not file a verified denial, SignAd's evidence is legally and factually sufficient to support the judgment in its favor on the open account. *See Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex. 1985) (per curiam) (explaining that, absent a verified answer denying the sworn account, the plaintiff's prima facie evidence is legally and factually sufficient to support the judgment). We accordingly overrule Bajmanlou's first and second issues.

In Bajmanlou's third issue, he asserts that the guaranty agreement's terms are uncertain because the contract is illegible. We are required to address this issue only if it "is necessary to final disposition of the appeal." *See* TEX. R. APP. P. 47.1. Because Bajmanlou has waived the right to dispute that he received the services SignAd promised and that he owes the amount stated, his argument that the contract is illegible can make no difference in the disposition of the case. We therefore do not consider Bajmanlou's third issue.

### III. CONCLUSION

Bajmanlou challenges the judgment only on the ground that he is not liable for breach of a guaranty agreement. Because the record supports the judgment against him on an open account, we affirm the judgment on that basis..


/s/     Tracy Christopher
        Justice


Panel consists of Chief Justice Frost and Justices Boyce and Christopher.

6