**Appeal Dismissed in Part, Affirmed and Memorandum Opinion filed May 9, 2019.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-17-00843-CV

---

**GLORIA C. ZERMEÑO, RICARDO GUZMAN, AND SOLID ROCK READY MIX, INC., Appellants**

**v.**

**NOELIA GARCIA, MARIO ZERMEÑO, AND Z READY MIX, INC., Appellees**

**and**

**NOELIA GARCIA, MARIO ZERMEÑO, AND Z READY MIX, INC., Appellants**

**v.**

**GLORIA C. ZERMEÑO, RICARDO GUZMAN, AND SOLID ROCK READY MIX, INC., Appellees**

## MEMORANDUM OPINION

This case arises out of a family concrete business owned by two sisters-in-law. Both sides of the family sued each other and one of the implicated concrete companies. Both sides filed notices of appeal: (1) Gloria Zermeño, Ricardo Guzman, and Solid Rock Ready Mix, Inc. ("appellants") and (2) Noelia Garcia, Mario Zermeño, and Z Ready Mix, Inc. ("appellees").[1]

Before the trial court, Gloria and Ricardo alleged Noelia and Mario had breached a settlement agreement, and Z Ready Mix alleged that Gloria had breached her fiduciary duty. These claims were tried to a jury. The jury found Noelia and Mario had not breached the settlement agreement, but that Gloria had breached her fiduciary duty. The trial court rendered a final judgment that Gloria pay $467,000 to Noelia, Mario, and Z Ready Mix.

Gloria, Ricardo, and Solid Rock Ready Mix appeal this portion of the judgment. However, this portion only affects Gloria's interests. Therefore, we dismiss Ricardo's and Solid Rock Ready Mix's appeal for want of jurisdiction.

Gloria brings six issues on appeal; appellees bring one conditional issue. Gloria did not preserve five of her issues, leaving only a factual-sufficiency issue, which we overrule. Consequently, we do not reach appellees' conditional issue.[2]

---

[1] Although each of the six parties to this case is both an appellant and an appellee, to simplify the opinion we use the terms "appellants" and "appellees" to refer to the primary issues in the appeal.

[2] Appellees assert the trial court's final judgment is proper. Appellees argue in the alternative that if this court should reverse and remand the case to trial, the trial court abused its

We affirm.

## I.   BACKGROUND

Gloria Zermeño and Mario Zermeño are sister and brother. Ricardo Guzman and Noelia Garcia are their respective spouses. Years ago, Gloria and Mario started a concrete company together, Z Ready Mix, Inc. Gloria handled the company's administrative matters, and Mario managed operations. Half of the company was owned by Gloria, and half of the company was owned by Mario's wife, Noelia.

In 2014, Gloria and Mario had a falling out. Noelia and Mario, individually and on behalf of Z Ready Mix, sued Gloria and Ricardo; almost immediately thereafter, Gloria and Ricardo sued Noelia and Mario. The suits were consolidated, with Noelia, Mario, and Z Ready Mix as plaintiffs. Ultimately, the parties settled after mediation. The settlement agreement divided the assets and debts of Z Ready Mix between the parties. Z Ready Mix owned two concrete plants on the same land, so one plant was awarded to Gloria and Ricardo, and the other plant was awarded to Noelia and Mario. The parties agreed to evenly divide the cash in the company's accounts, accounts receivable, and the company's debts. Both couples planned to start new concrete companies, Solid Rock Ready Mix, Inc. for Gloria and Ricardo, and Diamond Ready Mix, Inc. for Noelia and Mario. As part of the settlement, the parties planned to build a fence between the two plants to create two separate spaces for the new companies. Because electricity and water sources were located only on the property Noelia and Mario received in the settlement, Noelia and Mario agreed that all utilities would "stay connected" to Gloria and Ricardo's plant until new connections were established.

Afterwards, Gloria and Ricardo had trouble with the supply of power and

discretion by refusing to allow them to amend their petition to add a breach-of-contract claim.

3

water to their concrete plant. Gloria and Ricardo fought with Noelia and Mario over the electricity and water problems. One day after the parties moved for dismissal of their claims pursuant to the settlement agreement, Gloria and Ricardo asserted a new claim against Noelia and Mario for breach of the settlement agreement, particularly the agreement to keep utilities connected. The trial court later signed an order dismissing the claims asserted before June 5, 2015 (the settled claims).

Z Ready Mix subsequently asserted a new claim against Gloria for breach of fiduciary duty.[3] In support of this claim, Z Ready Mix asserted that after settlement, Gloria collected cash payments from Z Ready Mix customers, but did not deposit the payments in Z Ready Mix's bank account. Z Ready Mix also asserted that Gloria accepted payment in the form of services to her new concrete company, Solid Rock Ready Mix, for debts owed to Z Ready Mix. Z Ready Mix alleged that Gloria breached her fiduciary duty "when she converted accounts receivables for her benefit, and for that of her company, Solid Rock Ready Mix."

At the conclusion of trial, the jury found Noelia and Mario had not breached the settlement, but that Gloria had breached her fiduciary duty. The jury determined the amount of money to "fairly and reasonably compensate Z Ready Mix, Inc./Noelia Garcia/Mario Zermeno [sic]" for the breach was $467,000. The trial court rendered a final judgment ordering Gloria to pay Noelia, Mario, and Z Ready Mix $467,000 in actual damages.[4]

---

[3] Appellees also asserted a claim for conversion. The trial court granted a motion for directed verdict on this claim at trial, and appellees did not appeal this ruling.

[4] The final judgment also ordered that appellants took nothing on their claims against appellees and appellees took nothing on their claims against Ricardo.

4

## II.   PARTIAL DISMISSAL

"An appealing party 'may not complain of errors which do not injuriously affect him or which merely affect the rights of others.'" *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150 (Tex.1982) (quoting *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973)); *Branch v. Monumental Life Ins. Co.*, 422 S.W.3d 919, 922 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same). Although Ricardo and Solid Rock Ready Mix were parties to this action in the trial court, they have standing to appeal only if the judgment prejudiced their own interests. *See Branch*, 422 S.W.3d at 922.

The portion of the judgment under review prejudiced only Gloria's interests. The portion under review does not affect Ricardo's or Solid Rock Ready Mix's rights. Because Ricardo and Solid Rock Ready Mix do not have standing to appeal a ruling that is adverse only to Gloria's interest, we lack subject-matter jurisdiction over their appeal. *See id.* (dismissing appeal for lack of subject-matter jurisdiction as to appellant whose rights were not affected by judgment). We accordingly dismiss Ricardo's and Solid Rock Ready Mix's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

## III.   ANALYSIS

### A.   Preservation of error

Next, we address preservation of error. With respect to several of Gloria's issues, appellees assert Gloria failed to preserve error because she did not make these complaints in the trial court and receive a ruling. *See* Tex. R. App. P. 33.1. We agree.

To preserve error for appellate review, the complaining party must make a timely request, objection, or motion to the trial court that "state[s] the grounds for

5

the ruling that the complaining party [seeks] from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." *Id.* Error generally is preserved when the complaining party "'made the trial court aware of the complaint, timely and plainly, and obtained a ruling.'" *Thota v. Young*, 366 S.W.3d 678, 689 (Tex. 2012) (quoting *State Dep't of Highways v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (op. on reh'g)).

Gloria failed to timely object to the trial court on grounds she now asserts in issues one, three, and four. In her first issue, Gloria asserts appellees' live pleading was its first amended petition, not its second amended petition, and the first amended petition contained no allegations to support appellees' breach-of-fiduciary-duty claim. In her third issue, Gloria contends the settlement agreement precluded the existence of her fiduciary duty. In her fourth issue, Gloria argues the settlement agreement imposed a "best efforts" standard on her and, therefore, she should not have been held to any standard of fiduciary duty. Gloria did not raise any of these issues in the trial court. Consequently, these issues are waived. *See* Tex. R. App. P. 33.1.

Gloria's fifth issue is likewise waived. In this issue, Gloria asserts that the Question No. 6 of the jury charge included harmful error because it asked the jury to award damages to all three appellees. Gloria explains that it was improper to include Noelia and Mario in Question No. 6 because neither was alleged to be owed a fiduciary duty by Gloria. Gloria points out that the predicate question asked only if she breached a fiduciary duty to Z Ready Mix.

To preserve an alleged jury-charge error, a party must take some action to apprise the trial court of the alleged error in a way that provides the trial court with the opportunity to correct it. *Burbage v. Burbage*, 447 S.W.3d 249, 257 (Tex.

6

2014) ("[T]he objection must apprise the trial court of the error alleged such that the court has the opportunity to correct the problem."). "There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 226–27 (Tex. 2010) (quoting *Payne*, 838 S.W.2d at 241).

At trial, Gloria objected that no evidence existed to support the submission of Question No. 6, but did not object that it was improper to include Noelia and Mario.[5] Gloria objected only that "there is insufficient evidence . . . to prove . . . that Gloria Zermeño . . . actually caused any damages from a breach of fiduciary duty." Gloria gave the trial court no plain indication that she objected to the inclusion of Noelia and Mario in the question. As such, Gloria waived this issue.

## B. Subject-matter jurisdiction[6]

In her second issue, Gloria contends the trial court lacked subject-matter jurisdiction over appellees' breach-of-fiduciary duty claim because (1) the claim was extinguished by the parties' mediated settlement agreement and order of dismissal with prejudice, (2) appellees did not demonstrate capacity or standing, and, (3) appellees had no right to amend their pleadings after the suit was dismissed.

In an apparent effort to avoid the error-preservation requirements of Rule

---

[5] Gloria more specifically objected to the question in post-trial motions, but such motions do not preserve error. The rules require an objection to the charge be made before the charge is read to the jury. *See* Tex. R. Civ. P. 272. Consequently, an objection to a jury charge in a post-trial motion is untimely and does not preserve issues for review. *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 627–28 (Tex. App.—Dallas 2004, pet. denied).

[6] Subject-matter jurisdiction is a threshold issue which we consider first. We explain our primary analysis of subject-matter jurisdiction second in this instance only to clarify the argument's relationship to the preservation issues addressed above.

33.1, Gloria's first argument regarding subject-matter jurisdiction conflates the defenses of release or res judicata with the separate and distinct concept of subject-matter jurisdiction. Subject-matter jurisdiction is "essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A court acting without such power commits fundamental error that we may review for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). In contrast, res judicata and release are affirmative defenses that must be pleaded and proved. Tex. R. Civ. P. 94. Unlike subject-matter jurisdiction, res judicata and release are subject to waiver. Here, neither res judicata nor release was raised in the trial court. Because these defenses were waived in the trial court, they may not be raised for the first time on appeal.

Gloria next argues that appellees failed to prove standing or capacity. A plaintiff must have both standing and capacity to bring suit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome, whereas capacity is a procedural issue addressing the personal qualifications of a party to litigate. *Id.*

With regard to standing, Gloria argues that only Z Ready Mix had legal standing to bring a breach-of-fiduciary-duty claim against her. Appellees agree, stating that only Z Ready Mix asserted the claim against Gloria and the jury was only asked whether Gloria failed to comply with her fiduciary duty to Z Ready Mix. Gloria further argues that neither Noelia nor Mario had standing or capacity to sue on behalf of Z Ready Mix. This argument concerning the qualification of Noelia and Mario to litigate on behalf of Z Ready Mix is a challenge to capacity. Unlike a challenge to standing, a challenge to capacity must be raised in a verified answer before the trial court. *See* Tex. R. Civ. P. 93. Because Gloria did not file a

8

verified answer challenging capacity, this argument has not been preserved for our review. *See* Tex. R. App. P. 33.1.

Finally, Gloria argues that appellees had no right to amend their pleadings after the settled claims were dismissed. Gloria cites several cases for various propositions of law in support of this argument. Appellees correctly point out that none of the cases cited involved the situation when, as here, the court dismissed claims arising before a certain date while appellants had live counterclaims not affected by the dismissal and appellees later filed new claims independent of the claims previously dismissed.

First, Gloria cites *Thomas v. Cook*, 350 S.W.3d 382 (Tex. App.—Houston [14th Dist.] 2011, pet. denied), and *General Agents Insurance Company of America, Inc. v. El Naggar*, 340 S.W.3d 552 (Tex. App.—Houston [14th Dist.] 2011, pet. denied), to argue: (1) for a litigant to have standing, a controversy must exist between the parties at every stage of the legal proceedings; (2) a case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not come to pass; and (3) a case becomes moot when it appears that one seeks to obtain a judgment on some controversy when none exists. In this case, at the time the settled claims were dismissed, appellants had already asserted a claim for breach of contract. Because the dismissal order on the settled claims specifically dismissed only claims asserted prior to June 5, 2015, and appellants' counterclaim was pending before appellees filed their amended petition, a controversy existed between the parties at every stage of the legal proceedings. The parties did not attempt to resolve contingent or hypothetical facts. The parties did not seek a judgment on a controversy that did not exist.

Second, Gloria cites *Trigg v. Moore*, 335 S.W.3d 243 (Tex. App.—Amarillo 2010, pet. denied), *Joachim v. Travelers Insurance Company*, 279 S.W.3d 812

9

(Tex. App.—Amarillo 2008), *rev'd on other grounds*, 315 S.W.3d 860 (Tex. 2010), and *Rosenthal v. Ottis*, 865 S.W.2d 525 (Tex. App.—Corpus Christi 1993, no pet.), for the proposition that a motion for nonsuit is effective the moment is it filed; at that instant, the action is extinguished, and only collateral matters or claims for affirmative relief previously initiated by the opposing party and independent of the plaintiff's cause of action remain pending. These cases are easily distinguished as no nonsuit was filed in the instant case. Moreover, none of these cases involved any live counterclaim or new claims asserted by the plaintiff.

Third, Gloria cites *Hennigan v. Fast Pace Reporting Service Co.*, No. 14-00-01206-CV, 2002 WL 15870 (Tex. App.—Houston [14th Dist.] Jan. 3, 2002, no pet.) (mem. op., not designated for publication), and *United States Fidelity & Guaranty Company v. Beuhler*, 597 S.W.2d 523 (Tex. App.—Beaumont 1980, no writ), for the proposition that when a plaintiff's suit has been terminated, either voluntarily or involuntarily, by formal order of dismissal, the case cannot be further prosecuted by filing an amended petition. *Hennigan* does not involve any amended petition and Gloria concedes "it is true that in *Buehler* the record did not show, as in the instant case, that the defendant had live counterclaims yet to be tried at the time of the dismissal of the plaintiff's claims." As such, none of the case authority relied on by Gloria applies to the facts of this appeal.

Our own independent review of subject-matter jurisdiction leads us to the conclusion that the trial court as a court of general jurisdiction had subject-matter jurisdiction over the breach-of-fiduciary-duty claim. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000) ("'The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.'" (quoting 21 C.J.S. *Courts* § 16, at 23 (1990))). We overrule

Gloria's second issue.

## C.     Factual sufficiency

In her sixth and final issue, Gloria argues the evidence presented to the jury was factually insufficient to support the jury's finding that Gloria breached her fiduciary duty or that appellees suffered damages of $467,000. This issue was preserved in appellants' motion for new trial.

In a factual-sufficiency review, we must consider and weigh all of the evidence to determine whether the evidence is insufficient. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). We will set aside the verdict and remand for a new trial only if we conclude that the verdict is "so against the great weight and preponderance of the evidence as to be manifestly unjust." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (quoting *In re King's Estate*, 244 S.W.2d 660, 661 (Tex. 1951)).

Gloria argues that appellees should have been barred from seeking direct damages at trial because they failed to plead or pray for direct (or general) damages. Gloria points out that at a pretrial hearing, appellees represented to the trial court that the damages they would seek at trial amounted to $26,000 plus attorney's fees, and Gloria asserts appellees should be bound by that representation. Neither of these points relates to factual sufficiency, nor was either preserved in the trial court.

Regarding the evidence at trial, Gloria asserts that the testimony given by appellees' expert witness on damages, Rubik Yeriazarian, was lacking in foundation and illogical. Gloria complains that Yeriazarian relied on QuickBooks entries to support damages, while only bank account records would show whether that money was removed from Z Ready Mix's bank account or pecuniary harm had

11

occurred. Gloria asserts Yeriazarian's opinions were conclusory and without foundation because no witness testified affirmatively that the deleted QuickBooks entries were ever actually due or owing. Gloria asserts Yeriazarian did not testify that the QuickBooks entry deletions were improper. Rather, he testified that he did not know what Gloria "[did] with the money" and would have had to undertake "a full accounting" to determine what happened. Gloria also asserts there was no evidence to show that Gloria actually made the QuickBooks entries at issue.

Gloria further complains that Yeriazarian "did not specify when the entries regarding any of the alleged payments . . . were made or received." Gloria complains that if the relevant timing was before the settlement date, damages related to amounts before that time "might have been compromised and fully barred, and thus including them in his damages calculations would completely invalidate such calculations."

Appellees respond that as a corporate officer, Gloria had a formal fiduciary duty to Z Ready Mix. *See Ritchie v. Rupe*, 443 S.W.3d 856, 883 (Tex. 2014) (corporate officers owe fiduciary duties to the corporation). Appellees also point to testimony supporting the damages award.

Yeriazarian testified that based on his analysis, approximately $249,000 in previously-unaccounted-for payments were made from Ready Mix's bank account to vendors after Z Ready Mix closed on June 6, 2015. Yeriazarian testified that credit memos totaling $42,000 were issued to customers after June 6, 2015. Yeriazarian testified that Z Ready Mix's QuickBooks audit trail showed that Gloria had made entries representing $643,000 in payments purportedly made to state taxing authorities on behalf of Z Ready Mix, but these payments were not actually made. Yeriazarian added all these amounts for a total of $934,000 and testified that appellees were owed half of the total amount ($476,000) according to the terms of

12

the settlement agreement. Yeriazarian testified that he did not include transactions that occurred before the settlement in his damages model.

Yeriazarian explained he could not do a "full accounting" because Gloria had deleted most of the documentation for Z Ready Mix. Gloria confirmed in her testimony that she had destroyed approximately 90 percent of Z Ready Mix's invoices.

Noelia testified that Gloria had improperly issued credit memos for Z Ready Mix after the settlement. Noelia testified that several customers paid Gloria in cash after the settlement, but there were no cash deposits in the bank account of Z Ready Mix. Noelia also testified regarding some of tax payments that were not made.

Luis Lopez, a Z Ready Mix customer, testified that although he paid off his account during the relevant time, the company's documentation showed he had a $24,756 balance. Lopez also testified that Gloria had issued his company a credit memo for debt to Z Ready Mix in exchange for work done for Gloria's new concrete company, Solid Rock Ready Mix.

Weighing all the evidence, we hold that the verdict is not so against the great weight and preponderance of the evidence as to be manifestly unjust. We cannot say that the damage award was excessive. Gloria's sixth issue is overruled.

## IV. CONCLUSION

We dismiss Ricardo's and Solid Rock Ready Mix's appeal for want of jurisdiction and affirm the trial court's final judgment.

/s/     Charles A. Spain
         Justice

Panel consists of Justices Wise, Zimmerer, and Spain.