**AFFIRM; Opinion Filed April 26, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00566-CV

## SUSAN ELIZABETH WRIGHT, Appellant
## V.
## JAMES TURNER WRIGHT, Appellee

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-24919**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Susan Elizabeth Wright appeals the trial court's judgment awarding a life

insurance policy ("the policy") to appellee James Turner Wright. In three issues,

Ms. Wright argues the trial court abused its discretion by finding the policy was

community property and awarding the policy to Dr. Wright. We affirm. Because

all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P.

47.4.

### BACKGROUND

The parties were married in 1985. During their marriage, they acquired a life

insurance policy insuring the life of Dr. Wright ("the policy") with Ms. Wright

named the beneficiary. The parties divorced in 2009, but the final divorce decree did not award the policy to either party. Thereafter, Dr. Wright filed a bill of review,[1] and the parties attended mediation in 2014, during which they agreed to be co-owners of the policy. According to the agreement, Ms. Wright would receive half of the proceeds, and the remaining half would be placed into a trust for the benefit of the parties' children with Ms. Wright acting as trustee. The trial court then signed a Final Order dated March 10, 2017 ("March 10 Order"), which purported to order the parties to divide the policy into two separate policies. However, the insurer of the policy The Penn Mutual Life Insurance Company ("Penn") advised that it could not convert the policy into two separate policies.

In December 2018, Dr. Wright filed an action for declaratory judgment seeking to be declared the sole owner of the policy, an application for a temporary restraining order against Ms. Wright and Penn, and alternative suit to divide undivided property. In January 2019, Ms. Wright filed a counter-petition seeking a declaratory judgment that the policy is her separate property and to divide undivided assets. After conducting a bench trial, the trial court issued a memorandum ruling, finding the policy was an undivided asset of the parties' community estate and awarding the policy to Dr. Wright while also ordering him to maintain the policy for

---

[1] That instrument is not in the record, nor is it clear when it was filed, and although the parties referenced the bill of review in the reporter's record, the relief sought is not described. Ms. Wright's brief indicates the bill of review challenged the entire divorce decree and did not reference the policy, and Dr. Wright does not dispute that statement in his own brief. *See* TEX. R. APP. P. 38.1(g) (providing in civil cases, appellate courts will accept as true facts stated unless other party contradicts them).

the benefit of the parties' children. The trial court later reduced the memorandum ruling to a final judgment. This appeal followed.

## DISCUSSION

### I.    *The Policy Was Ms. Wright's Separate Property from Inception*

In her first issue, Ms. Wright argues the evidence at trial on the bill of review established the policy was her separate property such that the trial court abused its discretion by finding otherwise. Dr. Wright responds by citing the presumption a trial court properly exercises its discretion in dividing property in a divorce proceeding. And indeed we review the trial court's rulings dividing the parties' property for an abuse of discretion. *See In re D.V.D.*, No. 05-17-00268-CV, 2018 WL 2316014, at *1 (Tex. App.—Dallas May 22, 2018, no pet.) (mem. op.); *see also* TEX. FAM. CODE § 9.203(a) (providing in post-divorce-decree proceedings, court dividing undivided assets shall do so "in a manner that the court deems just and right").

At the bench trial, Ms. Wright testified the policy was obtained during the marriage between herself and Dr. Wright. According to Ms. Wright, she was designated the beneficiary because she was "insecure for the first time [in their marriage] not being the breadwinner." She testified the policy was not divided by the 2009 divorce decree. According to Ms. Wright, she and Dr. Wright later attended mediation where they agreed to be co-owners of the policy and that half of the

–3–

proceeds would go to herself and the remaining half would go into a trust for the benefit of their children with herself acting as trustee.

Dr. Wright also testified at the bench trial, stating his belief that, at the time he and Ms. Wright divorced, the policy was awarded to him as the sole owner based on his understanding of the terms of the divorce decree. He denied making a gift of the policy to Ms. Wright, ever agreeing she would be the sole owner of the policy, or redesignating her as the beneficiary of the policy after the divorce decree was entered. According to Dr. Wright, he asked that at the conclusion of the bench trial the judge award him sole ownership of the policy. He testified that the reason Ms. Wright was named as the beneficiary was "in case I got sued someone couldn't take the policy from me." He also admitted that when the policy was purchased, Ms. Wright was the owner of the policy. He further testified that his intention at the time of trial was for "the money to go to the kids."

We conclude the trial court did not err by not finding the policy to be Ms. Wright's separate property. Although Ms. Wright testified her belief that the policy was her separate property "from the get-go" and Dr. Wright also admitted that the policy was issued to Ms. Wright when it was purchased, Dr. Wright also testified his initial belief that the divorce decree awarded him the policy, he never agreed at the time of the divorce that she would own the policy, and that he never made a gift of the policy to Ms. Wright. *See Reisler v. Reisler*, 439 S.W.3d 615, 620 (Tex. App.—Dallas 2014, no pet.) ("In a bench trial, the trial court acts as the fact finder and is

–4–

the sole judge of the credibility of the witnesses."). Importantly, the trial court could have taken into consideration the text of section 9.301(a):

> If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
>
> (1) the decree designates the insured's former spouse as the beneficiary;
>
> (2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or
>
> (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

FAM. § 9.301. Dr. Wright testified that since the divorce, he did not designate or otherwise change the beneficiary of the policy. *See id.* And both parties agree the divorce decree did not designate Ms. Wright as the beneficiary. *See id.* In all events, we conclude the trial court did not err by failing to find the policy to be Ms. Wright's separate property.

Accordingly, we overrule Ms. Wright's first issue.

## II. Laches and Limitations

In her second issue, Ms. Wright asserts laches bars Dr. Wright's claim to the policy, urging that by waiting until 2018 to file the instant suit, he unreasonably delayed in asserting his rights to the policy, such that he waived any rights to it. However, her argument does not account for the fact that the parties agree Dr. Wright filed a petition for bill of review, which led to mediation in 2014 between the parties, and a mediated settlement agreement that was reduced to the March 10 Order in

2017, which ordered the policy to be split into two separate policies, one to be owned by each party. Accordingly, we cannot conclude the trial court erred by failing to conclude Ms. Wright established this affirmative defense.

Ms. Wright argues limitations applies to Dr. Wright's suit because section 9.202 of the family code limits post-decree divisions of property to two years after former spouse repudiates ownership interest of other former spouse and communicates the same to the former spouse. Even assuming Ms. Wright is correct, Dr. Wright's suit appears to be a declaratory action to declare the parties' respective rights under the March 10 Order and pursuant to section 9.301 of the family code, which provides for the post-divorce-decree disposition of a life insurance policy designating insured's former spouse as the beneficiary. *See* TEX. FAM. CODE § 9.301(a). The plain text of section 9.202 limits only actions asserted under that subchapter containing sections 9.201 through 9.205, and not those asserted under the subchapter containing section 9.301 or to actions to declare rights and obligations established by an order entered pursuant to a mediated settlement agreement, such as the March 10 Order. Accordingly, to the extent Ms. Wright urges the policy became her separate property through the operation of the statute of limitations as set forth in section 9.202, we disagree.

We overrule Ms. Wright's second issue.

## III. *Intentions of the Parties*

In her final issue, Ms. Wright urges the trial court's order awarding the policy to Dr. Wright was erroneous because the mediated settlement agreement and the March 10 Order demonstrated the parties' intentions that Ms. Wright own, at least in part, the policy and receive in whole or in part the proceeds of the policy. She also argues the trial court abused its discretion by finding the policy was community property. Dr. Wright responds that, because the policy was obtained during the marriage and nothing in the record establishes anything but community funds were used to purchase the policy, the policy is presumed to be community property.

In resolving her first issue, we note that have already rejected Ms. Wright's arguments that the trial court erred by concluding it was her separate property. Additionally, both parties agree the policy was obtained during the marriage and existed at the time of divorce. *See* FAM. § 3.003 (presumption that property possessed by either spouse during or on dissolution of marriage is community property). And the record indicates the trial court could not award the policy to both parties. Therefore, we conclude this record does not support a conclusion that the trial court erred in awarding the policy to Dr. Wright or by ordering the children to be named the beneficiaries. *See In re D.V.D.*, 2018 WL 2316014, at *8 (party complaining of division of community estate has burden of showing from evidence in record that trial court's division was so unjust and unfair as to constitute abuse of discretion); *see also Branch v. Monumental Life Ins. Co.*, 422 S.W.3d 919, 923 (Tex.

–7–

App.—Houston [14th Dist.] 2014, no pet.) (citing FAM. § 9.301(a)) (holding pre-divorce designation of spouse as life-insurance beneficiary is ineffective after divorce unless former spouse designated beneficiary in divorce decree, insured redesignates former spouse after divorce, or former spouse designated to receive proceeds for benefit of dependent of either former spouses). We overrule Ms. Wright's third issue.

CONCLUSION

We affirm.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

200566F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SUSAN ELIZABETH WRIGHT,
Appellant

No. 05-20-00566-CV     V.

JAMES TURNER WRIGHT,
Appellee

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-18-24919.
Opinion delivered by Justice
Schenck. Justices Osborne and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JAMES TURNER WRIGHT recover his costs of this appeal from appellant SUSAN ELIZABETH WRIGHT.

Judgment entered this 26th day of April 2022.